## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| BRINKS GLOBAL SERVICES USA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:22-cv-06653-PGG |
| | ) | |
| v. | ) | |
| | ) | |
| ARAT JEWELRY CORP., *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF BRINKS GLOBAL SERVICES USA, INC.'s MOTION FOR RULE 4(d)(2) SERVICE COSTS AND ATTORNEY FEES

**MCGUIREWOODS LLP**
1251 Avenue of Americas
20th Floor
New York, NY 10020-1104
Telephone: 212.548.2100
Facsimile: 212.548.2150

Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804.775.1000
Facsimile: 804.775.1061

*Counsel for Plaintiff Brink's Global Services USA, Inc.*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

SUPPLEMENTAL STATEMENT OF FACTS ........................................................................... 2

ARGUMENT .............................................................................................................................. 3

1.      DEFENDANTS DO NOT PROVIDE "GOOD CAUSE" TO AVOID RULE 4(D)
        COSTS. ..................................................................................................................... 3

        A.     TECHNICAL ERRORS DO NOT PROVIDE "GOOD CAUSE" TO
              REFUSE WAIVER OF SERVICE. ............................................................... 4

        B.     "SUBSTANTIAL COMPLIANCE" IS THE MAJORITY VIEW IN
              FEDERAL COURTS GENERALLY .............................................................. 6

        C.     THE "SUBSTANTIAL COMPLIANCE" RULE ADVANCES THE
              POLICIES OF RULE 4 ................................................................................. 9

CONCLUSION ......................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Doe v. Pa. State Univ.*,
    2020 U.S. Dist. LEXIS 124160 (M.D. Pa. July 14, 2020)........................................................8

*Dymits v. American Brands, Inc.*,
    1996 WL 751111 (N.D. Cal. Dec. 31, 1996)......................................................................5, 8

*Estrella v. P.R. Painting Corp.*,
    2006 U.S. Dist. LEXIS 84180 (E.D.N.Y. Nov. 20, 2006)......................................................6

*Flores v. Sch. Bd.*,
    116 F. App'x 504 (5th Cir. 2004)......................................................................................7, 8

*Gonzalez-Marcano v. US Airways Grp., Inc.*,
    2014 U.S. Dist. LEXIS 13791 (E.D. Pa. Jan. 31, 2014) ........................................................8

*Hanna v. LeBlanc*,
    2017 U.S. Dist. LEXIS 76123 (W.D. La. Mar. 8, 2017) ........................................................7

*Hatch v. Jones*,
    2019 U.S. Dist. LEXIS 202083 ............................................................................................7

*Jordan v. Wyandotte Cty. Unified Gov't*,
    2015 U.S. Dist. LEXIS 10975 (D. Kan. Jan. 30, 2015)........................................................8

*Mandeville v. Wertheimer*,
    2002 U.S. Dist. LEXIS 17706 (S.D.N.Y. 2002)....................................................................6

*Mason Tenders Dist. Council Pension Fund v. Messera*,
    1997 U.S. Dist. LEXIS 3840 (S.D.N.Y. 1997).....................................................................4

*Phoenix Entm't Partners, LLC v. Sing Sing Bell Inc.*,
    2016 U.S. Dist. LEXIS 6156 (S.D.N.Y. Jan. 19, 2016) ........................................................1

*Rodriguez v. It's Just Lunch Int'l*,
    2010 U.S. Dist. LEXIS 34912 (S.D.N.Y. 2010)....................................................................6

*S. Research Inst. v. PAM Innovation Corp.*,
    2020 U.S. Dist. LEXIS 50665 (N.D. Ala. Mar. 24, 2020)....................................................10

*Security National Mortg. Co. v. Head*,
    2014 U.S. Dist. LEXIS 129351 (D. Colo. Sep. 15, 2014) .....................................................8

*Shell v. Am. Family Rights Ass'n*,
  2009 U.S. Dist. LEXIS 112757 (D. Colo. Nov. 13, 2009) ......................................8

*Stapo Indus. v. M/V Henry Hudson Bridge*,
  190 F.R.D. 124 (S.D.N.Y. 1999) .................................................1, 2, 4, 5, 6, 7, 8, 9

*Steinberg v. Quintet Publ'g Ltd.*,
  1999 U.S. Dist. LEXIS 9729 (S.D.N.Y. 1999)..........................................................4

*Trevino v. D.H. Kim Enters., Inc.*,
  168 F.R.D. 181 (D. Md. 1996)................................................................................5, 8

*United States v. Glaister*,
  2021 U.S. Dist. LEXIS 76856 (S.D.N.Y. Apr. 21, 2021)......................................1, 6

*United States v. Jones*,
  2013 U.S. Dist. LEXIS 175753 ................................................................................7

## Other Authorities

Fed. R. Civ. P. 1 ..............................................................................................................10

Fed. R. Civ. P. 4 ........................................................................................................ *passim*

*1 Moore's Federal Practice - Civil § 4 Appendix 09* (2022) ..........................................3

Plaintiff Brink's Global Services USA, Inc. ("Brink's" or "Plaintiff") respectfully submits this Reply in support of its Motion for Costs and Fees. ECF No. 85 ("Mot.").

## PRELIMINARY STATEMENT

Defendants have a "duty to avoid unnecessary expenses of serving the summons" under Fed. R. Civ. Pro. 4(d)(1), but claim that they can avoid that duty and avoid the cost assessment provisions of Fed. R. Civ. Pro. 4(d)(2) because of technical errors in Brink's Notices of Lawsuit and Waiver of Summons ("Waiver Packets"). *See* Defendant's Memorandum in Opposition, ECF No. 94 ("Opp."), pp. 5 – 7.  Defendants rely, primarily, on the unpublished opinion: *Phoenix Entm't Partners, LLC v. Sing Sing Bell Inc.*, 2016 U.S. Dist. LEXIS 6156 (S.D.N.Y. Jan. 19, 2016) for their argument.

Defendants never discuss the contrary authority from this Court that rebuts their arguments:  *Stapo Indus. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124 (S.D.N.Y. 1999). In *Stapo*—a published opinion—this Court addressed the identical issue raised by Defendants, i.e., technical issues about the naming of the corporation in the Notice of Lawsuit.  This Court rejected the very argument that the Defendants are making here:

**Thus, the technical error in plaintiff's waiver request of not naming a specific officer neither undermined the purposes of Rule 4(d) nor prejudiced Welgrow in the slightest.** The history of the Rule clarifies that "defendants that magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them are required to bear the wasteful costs.".  **Accordingly, defendant's argument must be rejected.**

*Id.* at 125-26 (emphasis added) (citations omitted).

Just last year, this Court relied on *Stapo* and held: "**A plaintiff need only show 'substantial compliance'** with the requirements under Rule 4(d)(1)." *United States v. Glaister*, No. 20 cv 3581, 2021 U.S. Dist. LEXIS 76856, at *2 (S.D.N.Y. Apr. 21, 2021) (emphasis added).

This Court's holding in *Stapo* represents the majority view in this Court and throughout the federal system.  It is little surprise then that *Stapo* has been cited by sixteen different courts but *Phoenix Entertainment* has never been cited once. Plaintiff respectfully requests that the Court award service of process fees pursuant to Fed. R. Civ. Pro. 4(d)(2) and *Stapo.*

### SUPPLEMENTAL STATEMENT OF FACTS

Defendants' Opposition make several unsworn, unsupported, and inaccurate claims:

1.      Defendants claim that Brink's sent the Waiver Packets to addresses that were "incorrect, vacant or closed" and that it is at fault for failing to identify "good addresses." Opp. at p. 7, 10. However, Defendants' Initial Disclosures (served November 28, 2022), **identified their own addresses as the very same addresses** that Brink's used to serve the Waiver Packets. See Garland Decl. ¶¶ 3-7.  Those addressees were also taken from Defendants' Secretary of State filings.  *Id.* Consequently, it is inaccurate to claim that Brink's used the wrong addresses.

2.      The envelopes used to serve the corporate Defendant Waiver Packets were addressed to the Defendants' Registered Agent, by name, as identified in Secretary of State filings. Garland Decl. ¶¶ 3, 5. So, Brink's provided Defendants with accurate notice of the intended recipient. *Id.*

3.      Defendants claim that the $ 26,019.15[1] in expenses actually incurred by Brink's is not joint and several but must be segregated for each Defendant. See Opp. p. 9 – 10. Although Defendants provide no support for this proposition, Brink's is providing herewith a verified breakdown for each individual defendant. *See* Garland Decl., Ex. C.

4.      Finally, Defendants claim that the Defendants are almost all "over the age of 60 – many over 70 – who immigrated to the United States and speak English only as a second language.

---

[1] Defendants claim that Brink's wrongfully included service costs for New York state court defendant D'Amati, LLC. Opp. p. 9.  Defendants are mistaken. *See* Garland Decl. ¶ 8, Ex. C.

Their ability to even understand the paperwork Brink's claims to have sent them would be limited." See Opp. p. 8. Defendants offer no support for this claim. Moreover, Brink's has already provided verified evidence that the Defendants (who claim to be trading millions of dollars in jewelry every weekend) have shipped with Brink's, on average, 40 times over the past ten years.[2] *See* Beech Decl., ECF No. 72-1, pp. 79 – 80. In sum, Brink's has provided sworn proof that the Defendants are sophisticated, experienced businesspersons. Defendants have not provided any proof to the contrary.[3]

## ARGUMENT

### 1.      Defendants Do Not Provide "Good Cause" to Avoid Rule 4(d) Costs.

Rule 4(d)(2) states that "if a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant **unless good cause for the failure be shown**." *1 Moore's Federal Practice - Civil § 4 App.09* (2022) (emphasis added). Defendants don't dispute this. Opp. p. 3.

Instead, Defendants claim that three technical errors provide "good cause": 1) The listing of corporate defendants rather than corporate officers on the Notices of Lawsuit; 2) the listing of Plaintiff, rather than Defendants, on the Waiver of Service of Summons; and 3) the uncertainty as to whether one or two copies of the waiver forms were included in the Waiver Packets. *See* Opp. p. 5 -6.

---

[2] Several of the Defendants have done so more than 50 times over the past ten years. *Id.*

[3] Brink's would also note that Defendants were represented by counsel no later than August 22, 2022 when they filed suit in California. *See* Redmond Decl., ECF No. 86, ¶ 6. Brink's counsel sent Defendants' counsel the Waiver Packets by email and certified mail on August 29, 2022. *Id.* at ¶ 7. It also called Defendants' counsel on August 29, 2022 and August 30, 2022 to inquire about waiver of service. *Id.* at ¶ 8. To the extent Defendants did not understand the Notice of Lawsuit and Waiver of Service, their counsel was in a position to explain it to them.

Significantly, Defendants do not claim that they did not receive the Waiver Packets sent on August 10, 2022 and August 11, 2022. They do not claim that the Waiver Packets were not delivered to the addresses that they provided to the Secretary of State. Nor do they claim that the envelopes enclosing the Waiver Packets were not addressed to their corporate agents. In short, Defendants offer no proof whatsoever that they were prejudiced in any way by the Waiver Packets. This Court has repeatedly rejected the argument that technical errors in a waiver of service qualify as "good cause" to refuse waiver of service.

**A.      Technical Errors Do Not Provide "Good Cause" to Refuse Waiver of Service.**

This Court has considered and rejected Defendants' argument that technical errors in a Waiver of Service provide "good cause."

Indeed, the seminal case on this issue is *Stapo supra.* In *Stapo*, the plaintiff addressed the Notice of Lawsuit to the corporate defendant and "not to a specific officer or managing or general agent." *Id.* at 125. Defendant claimed that this error violated Rule 4(d)(1)(a)(ii) and, therefore, constituted good cause to refuse to waive service. *Id.*[4]

This Court examined the elements of Rule 4(d)(1)(A) (ii) in the context of the broader policy underlying Rule 4(d), noting "[t]he requirement in Rule 4(d)(2)(A) that [a waiver] be addressed to 'an officer or managing or general agent' **functions merely to ensure that the request will expeditiously reach the appropriate decision maker within what may be a large entity."** *Id.* (emphasis added). It then concluded that the technical provisions of Rule 4(d)(1)(A)(ii) bow to the underlying policy of Rule 4(d) to reduce the wasteful costs of service:

---

[4] The defendant in *Stapo* relied on the same precedent that Defendants, here, rely upon: *Steinberg v. Quintet Publ'g Ltd.,* 1999 U.S. Dist. LEXIS 9729, (S.D.N.Y. 1999) and *Mason Tenders Dist. Council Pension Fund v. Messera,* 1997 U.S. Dist. LEXIS 3840 (S.D.N.Y. 1997). This Court did not follow those older precedents.

**There is no indication in the present case, however, that Stapo's failure to specify an officer or agent of Welgrow on the address label prejudiced Welgrow in any way or ran any risk of prejudicing it;** indeed, there is no claim that the request was delayed in any way from reaching the appropriate person at Welgrow. Moreover, Rule 4 specifically **imposes "a duty to avoid unnecessary costs of serving the summons" on a defendant.**

*Id.* (emphasis added). It found support in the Advisory Committee Notes for its conclusion:

Thus, the technical error in plaintiff's waiver request of not naming a specific officer neither undermined the purposes of Rule 4(d) nor prejudiced Welgrow in the slightest. **The history of the Rule clarifies that "defendants that magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them are required to bear the wasteful costs." Accordingly, defendant's argument must be rejected**.

*Id. (*quoting Fed. R. Civ. P. 4, Advisory Committee Note) *(*emphasis added).

The Court then held that, absent good cause, the defendant owed plaintiffs the costs of

obtaining service:

In conclusion, **the purposes of Rule 4 have been met in this case and there has been substantial compliance by plaintiff with its requirements. Those facts, combined with defendant's statutory duty to avoid unnecessary costs of service of process, compel this Court to grant costs to plaintiff**.

*Id.* at 126[5] (emphasis added).

This Court's "substantial compliance" rule from *Stapo* has been applied by this Court in

the intervening years:

Here, Plaintiffs did not meet all of the requirements of Fed. R. Civ. P. 4(d**). First, the notification was not addressed to an officer or agent of the corporation, but rather was addressed to Wertheimer, P.C. generally. The purpose of the Rule 4(d)(2)(A) requirement is to ensure that notification of service actually reaches a person in the organization who will respond to the lawsuit.** *See* Fed. R. Civ. P. 4, Advisory Committee Note to the 1993 Amendments (stating that "the general mail rooms of large organizations cannot be required to identify the appropriate individual recipient for an institutional summons"). **Here, it is undisputed that Wertheimer, who is, according to Wertheimer, P.C.'s certificate of incorporation, its sole shareholder, director and officer, actually received the summons and complaint directed to Wertheimer, P.C.** … Thus, there appears to be no prejudice resulting from Plaintiffs' failure to address the notification to a specific individual.

---

[5] Citing *Dymits v. American Brands, Inc.,* No. C 96-1897, 1996 WL 751111, *16 (N.D. Cal. Dec. 31, 1996) ("substantial compliance with the requirements of Rule 4" adequate) and *Trevino v. D.H. Kim Enters., Inc.,* 168 F.R.D. 181, 183 (D. Md. 1996) (same).

*Mandeville v. Wertheimer*, 2002 U.S. Dist. LEXIS 17706 * 9 (S.D.N.Y. 2002) (emphasis added). The Court has, likewise, continued to dismiss concerns about defects in waivers: "these defects were *de minimis* … **Plaintiffs have satisfactorily demonstrated that they complied with the provisions of rule 4(d**)." *Id.* at * 13-14 (emphasis added).

Even Defendants' cited authority shows that this Court follows *Stapo's* "substantial compliance" rule: **"[h]ad the plaintiffs demonstrated 'substantial compliance' with the requirements of Rule 4(d)(1),** …their request for waiver may have been valid, and their application for costs and fees warranted." *Rodriguez v. It's Just Lunch Int'l*, 2010 U.S. Dist. LEXIS 34912 * 5 (S.D.N.Y. 2010) (emphasis added) (citing *Stapo Industries, Inc*, 190 F.R.D. at 126); Opp. 4.

Finally, as noted above, this Court applied the "substantial compliance" rule in 2021 in *United States v. Glaister*, 2021 U.S. Dist. LEXIS 76856, at *2 ("A plaintiff need only show 'substantial compliance' with the requirements under Rule 4(d)(1)" (quoting *Stapo*))

In sum, this Court has followed *Stapo* since it was handed down in December 1999.   The only time this Court has not followed *Stapo* was in *Phoenix Entertainment Partners, LLC v. Sing Sing Bell Inc.*, *supra.* That case has never been cited by any other court, in this district or elsewhere.  Thus, the weight of authority in this Court follows the "substantial compliance" rule.

**B.**     **"Substantial Compliance" Is the Majority View in Federal Courts Generally**

 Courts in the Second Circuit and elsewhere follow the "substantial compliance" rule stated in *Stapo.* For instance, the Eastern District of New York has held that failure to send the waiver to the current address is not "good cause" to refuse waiver of service: "The good cause defense is only available in rare circumstances. *See* Fed. R. Civ. P. 4(d) advisory committee's notes to the 1993 Amendments." *Estrella v. P.R. Painting Corp.*, 2006 U.S. Dist. LEXIS 84180,

at \*4 (E.D.N.Y. Nov. 20, 2006); *see also United States v. Jones*, 2013 U.S. Dist. LEXIS 175753, at fn. 2 (E.D.N.Y. Dec. 9, 2013) (citing *Stapo supra*).

Likewise, in *Yalincak v. Sherman*, the defendant refused to waive service of process because "of minor, technical defects in the notice," including the fact that only "**one copy of the complaint** was sent with the notices and that the **notices for the non-individual defendants were not addressed to an officer, managing or general agent, or agent authorized to receive process**"  2007 U.S. Dist. LEXIS 76989, at \*2 n.4 (D. Conn. Oct. 17, 2007) (emphasis added). The Court applied the *Stapo* rule and rejected the defendant's technical argument: "because it **does not appear that the defendants were prejudiced by the technical defects** in Yalincak's attempt to serve them pursuant to Rule 4(d), **and in light of the defendants' statutory duty to avoid unnecessary costs of service of process,** the court imposes on the defendants the costs of…service." *Id.* at \*5 (emphasis added) (citing *Stapo supra*).

As this Court recognized in *Stapo, c*ourts outside the Second Circuit also follow the "substantial compliance" rule.  See fn. 5 *supra*. Indeed, the Fifth Circuit adopted the "substantial compliance" rule in 2004: "Unlike service of process for purposes of establishing personal jurisdiction, service of **a request for waiver of formal service might be effective and achieve Rule 4's goals of minimizing the costs of litigation even if a plaintiff does not strictly comply with every formalistic requirement of the rule**." *Flores v. Sch. Bd.*, 116 F. App'x 504, 508 (5th Cir. 2004) (emphasis added); *see also Hanna v. LeBlanc*, 2017 U.S. Dist. LEXIS 76123, at \*30-31 (W.D. La. Mar. 8, 2017) ("plaintiffs do not need to follow every formalistic requirement of Rule 4"); *Hatch v. Jones*,  2019 U.S. Dist. LEXIS 202083, at \*16 (S.D. Tex. Oct. ("A request for waiver of service can be effective even if a plaintiff does not strictly comply with every formalistic requirement of the rule, as long as he substantially complies.").

Courts within the Tenth Circuit also have discussed how the "substantial compliance" rule strengthens the policies advanced by Rule 4:

However, service of **a request for waiver of formal service might be effective and achieve Rule 4's goals of minimizing the costs of litigation even if a plaintiff does not strictly comply with every formalistic requirement of the rule**. Moreover, several courts have held that where a plaintiff substantially complies with the requirements of Rule 4(d), an award of fees and costs may be warranted. Additionally, **where the defendant was not prejudiced, a technical violation of Rule 4 may be overlooked.**

*Shell v. Am. Family Rights Ass'n*, 2009 U.S. Dist. LEXIS 112757, at *6-7 (D. Colo. Nov. 13, 2009) (citing *Flores , Stapo, Trevino* and *Dymits supra*) (emphasis added); *see also Security National Mortg. Co. v. Head*, 2014 U.S. Dist. LEXIS 129351, at *6-7 (D. Colo. Sep. 15, 2014) ("Thus, the 'technical violation' of this Rule 'does not render [defendants'] acknowledgment of service invalid.'"); *Jordan v. Wyandotte Cty. Unified Gov't*, 2015 U.S. Dist. LEXIS 10975, at *9 (D. Kan. Jan. 30, 2015) ("An award of fees and costs may be warranted where a plaintiff substantially complies with the requirements of Rule 4(d). In addition, where the defendant was not prejudiced, a technical violation of Rule 4 may be overlooked.").

The Eastern District of Pennsylvania has also outlined the policy considerations that support the "substantial compliance" rule:

"If a waiver is not addressed to a specific officer or agent at a corporation, **but the appropriate individual still timely receives the waiver and no prejudice has resulted, then plaintiff's failure to follow Rule 4(d)(1)(A) will not be good cause for a defendant's failure to waive service**. Indeed, allowing a defendant to refuse to waive service when the appropriate person received the waiver request just as if the waiver had been properly addressed **would be contrary to the purpose of Rule 4(d), as a plaintiff would be forced to incur unnecessary costs**.

*Gonzalez-Marcano v. US Airways Grp., Inc.*, 2014 U.S. Dist. LEXIS 13791, at *22-24 (E.D. Pa. Jan. 31, 2014) (citations omitted) (emphasis added); *see also Doe v. Pa. State Univ.*, 2020 U.S. Dist. LEXIS 124160, at *32-33 (M.D. Pa. July 14, 2020) ("In fact, defendants have been

required to pay for costs of service under Rule 4(d)(2) for failure to waive where the

plaintiff **substantially** complies with Rule 4(d)(1)" (emphasis in original)).

### C. The "Substantial Compliance" Rule Advances the Policies of Rule 4

Fed. R. Civ. Pro. 4 was amended in 1993 to give effect to the congressional mandate to

minimize the wasteful costs of service of process. Rule 4, Advisory Committee Note.  The

Advisory Committee explicitly stated that "**Defendants that magnify costs of service by**

**requiring expensive service not necessary to achieve full notice of an action brought against**

**them are required to bear the wasteful costs.**" *Id.* (emphasis added)

The Advisory Committee minced no words in explaining the focus of the revision:

"The aims of the provision are to eliminate the costs of service of a summons on many parties and
to foster cooperation among adversaries and counsel. **The rule operates to impose upon the**
**defendant those costs that could have been avoided if the defendant had cooperated**
reasonably in the manner prescribed. **This device is useful in dealing with defendants who are**
**furtive"**

*Id.* (emphasis added)

Both the text of the Rule and the Advisory Committee Notes explain that defendants have

a **duty** to avoid unnecessary costs of service of process: "Paragraph (2) states what the present

rules implies: **the defendant has a duty to avoid costs associated with the service of a**

**summons** not needed to inform the defendant regarding the commencement of and action." Rule

4 Advisory Committee Notes (emphasis added); See also Fed. R. Civ. Pro. 4(d)(1).

The Advisory Committee clearly states that waiver of service is the rule, and exceptions

are rare: "A defendant failing to comply with a request for waiver shall be given an opportunity

to show good cause for the failure, **but sufficient cause should be rare.**"  *Id.* (emphasis added)

In short, the stated purpose of Rule 4 is to "avoid unnecessary costs of serving the

summons."  The "substantial compliance" rule adopted by this Court in *Stapo* and followed by

the majority of federal courts supports the purpose of Rule 4. The Defendants' position that any

error in a notice of lawsuit and waiver of service negates the cost-shifting policy of Rule 4 is

unsupported by the weight of authority.  The fact that no case has ever cited Defendants' lead

case--*Phoenix  Entertainment Partners, LLC v. Sing Sing Bell Inc*—is telling.

      The wisdom of the "substantial compliance" rule is well summarized in a recent opinion

from the United States District Court of the Northern District of Alabama:

> It is "**entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities**."  Instead, the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. **Relevant here, Rule 4 is designed to ensure that "[d]efendants that magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them are required to bear the wasteful costs."  Consistent with the spirit of Rule 4, because Southern Research substantially complied with Rule 4(d)(1), Southern Research is entitled to reasonable attorneys' fees and costs**.

*S. Research Inst. v. PAM Innovation Corp.*, No. 2:19-cv-00932-AKK, 2020 U.S. Dist. LEXIS

50665, at *14-17 (N.D. Ala. Mar. 24, 2020) (citations omitted) (emphasis added).

## CONCLUSION

      Defendants do not deny receiving the Waiver Packets. In fact, the Waiver Packets were

addressed and sent to Defendants' agents using addresses that Defendants supplied to their

respective secretary of state offices and disclosed with **their** Initial Disclosures. Nor do

Defendants dispute retaining counsel at or near the time the Waiver Packets were received.

Nonetheless, they claim that three minor technical errors defeat the stated policy of Rule 4.

      For the reasons set forth herein, Brink's respectfully requests that this Court reject

Defendants' arguments and enter an Order granting its Motion for Costs and Fees, awarding $

26,019.15 in costs and $1,215.00 in attorney's fees incurred in effecting service and preparing

this Motion, and granting such other further relief as the Court deems just and proper.

Dated: New York, New York
      November 30, 2022

Respectfully submitted,


  __*/s/ Matthew D. Fender*_____
Matthew D. Fender
Robert F. Redmond (*admitted pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
rredmond@mcguirewoods.com
mfender@mcguirewoods.com
T: (804) 775-1123
F: (804) 698-2145

Katherine A. Garland
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
kgarland@mcguirewoods.com
T: (212) 548-7028
F: (212) 715-6269


*Counsel for Plaintiff Brink's Global
Services USA, Inc.*

11