UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRINKS GLOBAL SERVICES USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARAT JEWELRY CORP., *et al.* <br><br> Defendants. | STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER <br><br> Case No.: 1:22-cv-06653-PGG |

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential"

1

or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except as this Order expressly permits:

2.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential those portions of such material which is non-public information and which it reasonably and in good faith believes is entitled to confidential treatment under applicable law, including:

      (a)     previously non-disclosed material relating to management, security, ownership or control information;

      (b)     previously non-disclosed financial data, risk management information, business plans, human resources information, security information, training information or marketing plans;

      (c)     any information of a personal or intimate nature regarding any individual; or

      (d)     any other category of information this Court subsequently affords confidential status.

3.      The person producing or disclosing any given Discovery Material may designate as Highly Confidential such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed, including:

      (a)     previously nondisclosed financial, management, security, training and human resource information;

      (b)     previously nondisclosed technical information, or trade secrets; or

    (c)  any other category of information hereinafter given highly confidential status by the Court.

  4.  With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

  5.  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order," or (b) notifying the reporter and all counsel of record, in writing, within 14 days after a receipt of the official deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 14--day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

  6.  If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this

Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential under the terms of this Order.

7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

- (a) the Parties to this action, their insurers, and counsel to their insurers;
- (b) counsel, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter and to include in-house counsel or any paralegal, clerical or other assistant employed by in-house counsel;
- (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;
- (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;
- (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; or any other person characterized within a document as either the source of the information contained within the document or involved in the subject matter of the document, provided such source or involved person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A

hereto;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness (and their staff) or otherwise provide specialized advice to counsel in connection with this action, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

9. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to:

(a) counsel retained for this action, including any paralegal, clerical and other assistants employed by such counsel and assigned to this matter, and to include in-house counsel or any paralegal, clerical or other assistant employed by in-house counsel;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter,

|     |     |
| --- | --- |
| | including computer service personnel performing duties in relation to a computerized litigation system; |
| (c) | any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; |
| (d) | as to any document, its author, its addressee, any person indicated on the face of the document as having received a copy; or any other person characterized within a document as either the source of the information contained within the document or involved in the subject matter of the document, provided such source or involved person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; |
| (e) | any person retained by a Party to serve as an expert witness (and their staff) or otherwise provide specialized advice to counsel in connection with this action, provided such persons have executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; |
| (f) | any witness who counsel for a Party calls to testify at trial or deposition in this action; |
| (g) | stenographers engaged to transcribe depositions conducted in this action; and |
| (h) | this Court, including any appellate court, and the court reporters and support personnel for the same. |

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8 (c), 8(d), 8(e), 8 (f), 9(c), 9(d), or 9(e) above, counsel must provide a copy of this

6

Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.

11. In accordance with paragraph 2 of this Court's Individual Practices, any designating party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents, and any non-designating party must give the designating party threedays notice of an intent to file documents designated as Confidential or Highly Confidential so that the designating party can file such a letter brief and supporting declaration justifying the sealing of the documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

12. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

13. In filing Confidential or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file

a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

15. Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

16. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding, except that any party in Chang, et al. v. Brinks Global Services, Los Angeles Superior Court Case No. 22STCV27209 may use such material in that action subject to the terms of this Order. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17. Nothing in this Order will prevent any person subject to it from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful

subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such person gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 business days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

      18.    Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

      19.    Unintentional Disclosure of Privileged Material.

          a.    The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

          b.    If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

   c.  The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

   d.  The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

   e.  If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

   f.  The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

   g.  The parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

   h.  This stipulated agreement set forth in this Section 19 and its subparts does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine, This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced

except to the extent stated in this agreement.

20. This Order will survive the termination of the litigation. Within 30 days of the final disposition of this action – including all appeals – all Confidential or Highly Confidential Discovery Material, and all copies thereof – shall be promptly destroyed, and a written notice certifying such destruction sent to the Producing Party.

21. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: February 9, 2023                                             Dated: February 9, 2023

  /s/ Katherine A. Garland                                            /s/ Robert Viducich
Katherine A. Garland                                                Robert Viducich
**McGuireWoods LLP**                                                **Law Office of Robert R. Viducich**
1251 Avenue of Americas, 20th Floor                                 40 Wall Street, 28th Floor
New York, New York                                                  New York, NY 10028
T: (212) 548-7028                                                   Tel: (212) 400-7135
kgarland@mcguirewoods.com                                           rviducich@rrvlaw.com

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Dated:  February 21, 2023

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRINKS GLOBAL SERVICES USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARAT JEWELRY CORP. *et al.*, <br><br> Defendants. | Case No.: 1:22-cv-06653-PGG |

**EXHIBIT A:**
**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the Party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: