UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRINKS GLOBAL SERVICES USA, INC.,

                Plaintiff,

-against-

BONITA PEARL, INC., et al.,

                Defendants.

22-CV-6653 (PGG) (BCM)

**ORDER REGARDING REDACTIONS**

**BARBARA MOSES, United States Magistrate Judge.**

      By letter-motion dated May 24, 2023 (Pl. Ltr.) (Dkts. 167, 168), plaintiff Brink's Global Services USA, Inc. (Brinks) asks the Hon. Paul G. Gardephe, United States District Judge, for leave to redact "sensitive testimony," Pl. Ltr. at 1, from the transcript of the May 2, 2023 discovery conference in this action (May 2 Tr.) (Dkts. 167-1, 168-1), during which the parties argued, and I resolved, a series of discovery disputes.[1] By letter dated May 30, 2023 (Def. Ltr.) (Dkts. 170, 171), defendants oppose plaintiff's motion, complaining that plaintiff did not meet and confer in good faith concerning the proposed redactions and that nothing in the May 2 transcript qualifies for sealing under the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and its progeny. Def. Ltr. at 1-2.[2]

---

[1] Plaintiff filed its letter-motion in two versions. The version on the public docket (Dkt. 167) attaches a redacted copy of the May 2 transcript (Dkt. 167-1), in the form plaintiff asks the Court to approve. The version under seal (Dkt. 168) attaches a copy of the transcript in which the proposed redactions are highlighted but not concealed (Dkt. 168-1). No witnesses attended the May 2 conference, and no "testimony" was taken. However, counsel occasionally referred to the deposition testimony of various witnesses.

[2] Defendants filed their opposition letter in two versions. The version on the public docket (Dkt. 170) redacts defendants' discussion of the specific passages that plaintiff seeks to redact from the May 2 transcript. (Dkt. 170.) The version under seal (Dkt. 171) is unredacted. On the same date, defendants filed a letter-motion (Dkt. 169) seeking leave to "provisionally redact portions of Defendants' argument in their concurrently-submitted opposition to Brinks' request for redaction and sealing[.]" On June 2, 2023, plaintiff submitted its own letter – incorrectly filed as a separate motion to seal – agreeing that "Defendants' explicit summaries of the Court's May 2, 2023

The parties' various redaction requests are within the scope of my reference (*see* Dkt. 129) and within my authority to resolve pursuant to 28 U.S.C. § 636(a)(b)(1)(A) and Fed. R. Civ. P. 72(a). They are also subject to my Individual Practices, which require, *inter alia*, that a party seeking leave to file redacted materials meet and confer with the opposing parties "in advance to narrow the scope of the request." *See* Moses Ind. Prac. § 3(f).

For the reasons that follow, all of the redaction requests will be denied.

## Plaintiff Failed to Meet and Confer in Good Faith

Plaintiff's counsel emailed defendants' counsel at 4:12 p.m. EST on May 24, 2023, giving defendants less than two hours to respond to plaintiff's proposal for redacting the May 2 transcript. *See* Def. Ltr. Ex. 1 at 1 ("If we don't get your agreement by 6 pm Eastern today, we will file a short letter brief seeking the redactions[.]"). There was no need for such haste. The May 2 transcript is not due to be released via Pacer until August 15, 2023. (*See* Dkt. 162.) Had plaintiff's counsel made a good faith effort to actually meet and confer with defendants' counsel before filing its motion, the need for that motion may well have been obviated.

## The Parties' Positions

Plaintiff seeks to redact portions of the May 2 transcript pertaining to two general topics: the English language proficiency of certain defendants, *see* May 2 Tr. at 5:21-15:20, and plaintiff's "Country Security Regulations," described by plaintiff as a highly sensitive and confidential set of regulations covering "cash in transit," as opposed to "over the road shipping," which is the Brinks service at issue in this action. *See id.* at 33:3-36:1; 37:21-40:6; 41:25-45:13; 46:7-15; 47:4-48:20; 49:3-50:18; 52:24-54:12.

---

Discovery Conference transcript should be redacted while this Court evaluates the disclosures made during the Court's May 2, 2023 hearing." (Dkt. 172.)

Plaintiff argues that the proposed redactions are necessary to prevent the disclosure of information that "could compromise Brink's security and potentially place its employees at increased risk," information that is "subject to designation as confidential and highly confidential pursuant to the parties' February 21, 2023 Stipulated Confidentiality Agreement and Protective Order," and/or information that relates "to an issue over which the Defendants have asserted the attorney client and work product privileges." Pl. Ltr. at 1-2.

Defendants note that the "presumption of access to judicial documents is firmly rooted in this nation's history," Def. Ltr. at 1 (citing *Lugosh*, 435 F.3d at 119-120), and argue that plaintiff has failed to justify any exception to that presumption, in that it has failed to "offer an explanation of how the portions of the hearing transcript it seeks to redact . . . would compromise its security or possibl[y] increase the risk to its employees." *Id*. at 2. Defendants contend that although the parties alluded to confidential Brinks documents and procedures during the May 2 conference, the transcript does not actually "reveal the substance of any Brinks document or procedure." *Id*. Similarly, defendants say, while the parties discussed the inadvertent disclosure of a privileged communication in discovery, they did not discuss "any privileged content." *Id*.

## **Discussion**

The May 2 transcript is plainly a "judicial document," to which a presumption of access attaches. *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (a judicial document is "relevant to the performance of the judicial function and useful in the judicial process"). Faced with a motion to seal or redact a judicial document, the court must first determine "the weight of that presumption" and then "balance competing considerations against it." *Lugosch*, 435 F.3d at 119-20 (citation omitted).

Where, as here, the document at issue relates to a discovery dispute, the presumption of access "has only 'modest' weight," *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (citing *In re New York City Policing During Summer 2020 Demonstrations*, 2022 WL 7886182, at *2 (S.D.N.Y. Oct. 14, 2022)), which can be overcome by considerations such as "a valid need to protect the confidentiality of sensitive business information." *Valassis Comms., Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020). However, even where the presumption of access is relatively weak, the court must "articulate specific and substantial reasons for sealing such material." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

In this case, after careful consideration of plaintiff's redaction requests, I have found no "specific and substantial reasons" to seal any portion of the May 2 transcript (or the defendants' letter discussing that transcript). There is no basis at all for redacting the parties' arguments concerning the the English language proficiency of certain defendants. *See* May 2 Tr. at 5:21-15:20. It is true that, during this portion of the conference, the parties briefly discussed defendants' accidental disclosure of privileged communications with their counsel. *See, e.g.*, *id.* at 10:9-22. However, the only parties with standing to seek redactions on that basis – defendants themselves – have declined to do so, noting correctly that while the parties discussed the *fact* of the disclosure during the May 2 conference, they did not "disclose any privileged *content*." Def. Ltr. at 2 (emphasis added).

Nor is there any basis to redact the parties' discussion of the Country Security Regulations. The fact that such regulations exist is hardly a secret. Defendants discussed the Country Security Regulations in their publicly filed letter-motion, dated April 18, 2023 which argued that Brinks should be compelled to produce them in discovery. (Dkt. 133.) Plaintiff discussed the Country

4

Security Regulations in a publicly-filed responding letter dated April 21, 2023, which argued that the regulations are highly confidential and in any event irrelevant to over-the-road transport (Dkt. 137), *and* in a publicly-filed supporting declaration signed by Michael F. Beech, a former senior Brink's security executive. (Dkt. 137-1.) During the May 2 conference, the parties' counsel continued that debate, *see* May 2 Tr. at 37:21-40:6, until I denied defendants' motion to compel production of the Country Security Regulations on the ground that they are insufficiently relevant to this litigation to justify the risk of public disclosure of plaintiff's sensitive business information. *See id.* at 52:12-54:1; Order dated May 3, 2023 (Dkt. 156) ¶ 5. The confidential *content* of the Country Security Regulations – that is, the sensitive business information at issue in the motion to compel – was not discussed during the May 2 conference, and consequently cannot be revealed by filing the unredacted May 2 transcript on the public docket.

On this record, I cannot make "specific, on-the-record findings," as required by *Lugosch*, 435 F.3d at 124, "that sealing is necessary to preserve higher values," much less that the redactions proposed by plaintiff are "narrowly tailored to achieve that aim." *Id*. (quoting *In re New York Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987)). See also *In re Keurig*, 2023 WL 196134, at *4 ("[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.") (quoting *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017)) (alteration in original).[3]

---

[3] This is true even if, as plaintiff states, the information at issue is "subject to designation as confidential and highly confidential" pursuant to their negotiated confidentiality agreement. Pl. Ltr. at 2. As the Second Circuit explained in *Lugosch*, 435 F.3d at 125-26, "umbrella protective orders do serve to facilitate discovery in complex cases. However, umbrella protection should not substantively expand the protection . . . countenanced by the common law of access."

**Conclusion**

For the reasons set forth above, plaintiff's motion to seal the unredacted version of the May 2 transcript (Dkts. 167, 168) is DENIED, as is defendants' motion, joined by plaintiff, to "provisionally seal" defendants' opposition to plaintiff's motion. (Dkts. 169, 172.) The Court will unseal the letter and unredacted transcript at Dkts. 168 and 168-1 and the unredacted opposition letter and exhibit at Dkts. 171 at 171-1.

The Clerk of Court is respectfully directed to close the motions at Dkts. 167 and 172.

Dated: New York, New York
       July 6, 2023                    SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**