```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/1/2023__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRINK'S GLOBAL SERVICES USA, INC.,

   Plaintiff,

-against-

ARAT JEWELRY CORP., et al.,

   Defendants.

22-CV-6653 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    On October 20, 2023, plaintiff filed a motion to strike defendants' expert rebuttal reports. (Dkt. 208.) It filed the reports themselves, as well as portions of its moving brief, under temporary electronic seal (Dkts. 211, 212), and, by letter-motion, explained that it was doing so "out of an abundance of caution," because defendants had designated the reports "confidential" under the terms of the parties' stipulated confidentiality agreement. Pl. Ltr. (Dkt. 207) at 1. Plaintiff did not identify any other reason why the reports should remain under seal. Insofar as the record reveals, plaintiff failed to meet and confer with defendants in advance concerning the need for sealing, and failed to advise defendants that they had three days to file a letter "explaining the need to seal or redact the materials." *See* Moses Ind. Prac. § 3(f).

    Ten days later, on October 30, 2023, defendants filed a letter-brief opposing plaintiff's sealing request as "inconsistent with the presumption of public access to judicial documents" and "overbroad." Def. Ltr. (Dkt. 215) at 1. Defendants state that they "would be happy to have the Court unseal any and all of their expert reports[.]" *Id*. at 2. Defendants explain that the reports were designated "confidential" "only because [plaintiff] has effectively forced [defendants] to do so by inappropriately designating as confidential other documents containing information to which those reports refer." *Id*. There is no indication that defendants communicated with plaintiff – to determine whether any actual disagreement exists – before filing their opposition letter.

The Court discerns no such disagreement. Plaintiff asked that the expert reports remain under seal only out of "caution," because defendants designated them "confidential." Pl. Ltr. at 1. Defendants disclaim any interest in sealing the reports and invite the Court to unseal "any and all" of them. Def. Ltr. at 1-2. Consequently, the Court intends to unseal the expert reports, as well as plaintiff's moving brief, on **November 6, 2023**. Should plaintiff have any grounds for sealing those materials that it left unmentioned on October 20, it must raise those grounds before that date – and explain why it did not do so in its moving letter.

Defendants' time to respond to the motion to strike is hereby EXTENDED to **November 8, 2023**. Plaintiff's time to file any reply papers is EXTENDED to **November 15, 2023**.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 207.

Dated: New York, New York
       November 1, 2023                     SO ORDERED.

                                            _____
                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**