UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRINK'S GLOBAL SERVICES USA, INC.,

    Plaintiff,

-against-

BONITA PEARL INC., et al.,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/2023

22-CV-6653 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    In its letter-motion dated November 5, 2023 (Pl. Ltr.) (Dkt. 217), plaintiff requests that its memorandum of law in support of its motion to strike defendants' expert rebuttal reports (now under seal at Dkt. 212), as well as the reports themselves (now under seal at Dkt. 211), remain under seal. Plaintiff makes its request pursuant to the Court's Order dated November 1, 2023 (Order) (Dkt. 216), which required that, if any substantive grounds for sealing exist (beyond the fact that defendants designated their expert reports "confidential"), plaintiff raise those grounds by November 6, 2023, and "explain why it did not do so in its moving letter." Order at 2.

    Plaintiff now states that defendants' reports are permeated with "highly sensitive and proprietary security information," in that they are "replete with quotations, discussion, and express references to Brinks' highly confidential documents," and "discuss, quote, and reference security protocols and details, such as the manufacturer, operation, and relative strength of locks and other mechanisms used to protect assets under transport." Pl. Ltr. at 2. Plaintiff states that confidential Brink's information is contained in the expert and rebuttal reports of Timothy Griffin, Daniel Lupton, James McGuffey, Fred Del Marva, and Walter Jeffery Stiles. *Id*. at 2-4. Plaintiff explains that it did not provide this information earlier because it "did not foresee any issue with its letter-motion to seal," which relied on "Defendants' prior unilateral designation and unquestioned

treatment of the Defendants' Expert and Rebuttal Expert Reports as Confidential," and did not wish to "burden the Court with an extensive explanation for its sealing request." *Id.* at 1.

As this Court has previously noted (*see* Dkt. 177 at 3-5), the legal standards governing sealing requests in this Circuit are set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and its progeny. Because a presumption of public access applies to all "judicial documents," including motion papers, the Court may keep such documents under seal only if it is able to make "specific, on-the-record findings that sealing is necessary to preserve higher values." *Lugosch*, 435 F.3d at 124. Moreover, the sealing order must be "narrowly tailored to achieve that aim," *id.*, meaning that a court should "seal only that information that needs to be sealed in order to preserve higher values." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *6 (S.D.N.Y. Jan. 17, 2023) (quoting *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, 2022 WL 3704002, at *1 (S.D.N.Y. Aug. 26, 2022)); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 2016 WL 1071107, at *4 (S.D.N.Y. Mar. 18, 2016) ("In any case in which some sealing of a judicial document is appropriate, the Second Circuit has directed that the Court should determine whether partial redaction of the private material is 'a viable remedy,' or whether the document presents 'an all or nothing matter.'") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1053 (2d Cir. 1995)).

Plaintiff asserts that the "breadth" of its request "is commensurate with its interest in preserving its highly sensitive and proprietary security and commercial information[.]" Pl. Ltr. at 2. It explains that the information it seeks to keep confidential, if disclosed, "would cause Brink's to suffer commercial harm and poses the threat of safety to Brink's employees" by "likely assist[ing] criminals in planning a robbery or attack on Brink's employees and the assets they protect." *Id.* at 4. It cannot be the case, however, that every page of defendants' expert reports,

including the experts' CVs and lists of prior expert engagements, requires sealing. Consequently, plaintiff has not tailored its request to "only that information that needs to be sealed in order to preserve higher values." *Signify*, 2022 WL 3704002, at *1.

The Court notes that similar issues are likely to arise with respect to defendants' papers in opposition to the motion to strike, which are now due November 8, 2023 (*see* Dkt. 216 at 2) – and which defendants may feel obligated, as a practical matter, to over-redact, so as to avoid any claim that they improperly revealed plaintiff's confidential information – and with respect to plaintiff's reply papers, now due November 15, 2023. (*See id.*)

Accordingly, it is hereby ORDERED that no later than **November 15, 2023**, after meeting and conferring in good faith with defendants:

(i) plaintiff shall propose *appropriate* redactions to its moving papers by filing, under seal, copies of the documents at issue *with proposed redactions highlighted*;

(ii) plaintiff shall propose *appropriate* redactions to defendants' opposition papers, by filing, under seal, copies of the documents at issue *with proposed redactions highlighted*;

(iii) plaintiff shall publicly file its own reply papers with *appropriate* redactions, together with its sealing letter-motion, and shall also file, under seal, copies of the documents at issue *with proposed redactions highlighted*, in accordance with Moses Ind. Prac. ¶ 3.

Additionally, plaintiff shall submit courtesy copies of the highlighted documents – in hard copy and in color – by mail or courier to chambers. *See* Moses Ind. Prac. ¶ 1(d).

Dated: New York, New York
       November 6, 2023                        SO ORDERED.

                                               _____
                                               **BARBARA MOSES**
                                               **United States Magistrate Judge**