WALTER J. LACK
STEVEN C. SHUMAN
ELIZABETH LANE CROOKE
DANIEL G. WHALEN
BRIAN J. HEFFERNAN
RICHARD P. KINNAN
BRIAN J. LEINBACH
ANN A. HOWITT
STEVEN J. LIPSCOMB
DAVID R. LIRA
GREGORY P. WATERS

LAW OFFICES

**ENGSTROM, LIPSCOMB & LACK**

A PROFESSIONAL CORPORATION

11601 WILSHIRE BOULEVARD, 14TH FLOOR

LOS ANGELES, CALIFORNIA 90025

TELEPHONE 310-552-3800

FACSIMILE 310-552-9434

ALEXANDRA J. NEWSOM
ANDREW M. JACOBSON
JOSEPH A. LACK
CHRISTOPHER A. KANNE
BRITTAN N. CORTNEY
ASHLEY L. ARNETT
DANIEL C. WHALEN
RACHEL M. LANNEN
SYDNEY M. DESMAN
JASON L. TILLMAN
PAUL W. ENGSTROM (1941 – 2010)
ROBERT J. WOLFE (1961 – 2015)

April 4, 2024

**VIA ECF**

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Court Room 705
New York, New York 10007

      **Re:**    *Brink's Global Services USA, Inc. v. Bonita Pearl, Inc., et al.,*
                 **Case No.: 1:22-CV-06653-PGG**

Dear Judge Gardephe:

      We represent Defendants and Counterclaimants in the referenced litigation.  As per Section IV(A) of the Court's Individual Rules of Practice, we write to respond to the request of Brink's Global Services USA, Inc. ("Brinks") for a pre-motion conference regarding Brinks' planned motion to dismiss the non-contract claims asserted in our Counterclaim. (Dkt 236)

<u>**Brinks' Contract is an Invalid Contract of Insurance**</u>

      Brinks contends its only contractual agreement, embodied in §X(B) of the contract, is to pay for any property that is lost while Brinks is responsible for it, and it is willing to pay in the amounts on Counterclaimants' manifests, even though it admits no fault for the theft.  New York Consolidated Laws ("NYCL") Insurance Law §1101(a)(1) defines "Insurance contract" as any agreement or other transaction whereby one party is obligated to confer benefit of pecuniary value upon another party upon the happening of a fortuitous event that will adversely impact the other party financially.  Section 1101(a)(2) defines "Fortuitous event" as any occurrence which is to a substantial extent beyond the control of either party.  Brinks is selling insurance.

      NYCL Insurance Law §1102(a) prohibits any company from doing insurance business in New York unless authorized by a license in force pursuant to the provisions of that chapter, or unless exempted.  Brinks has no license to do insurance business and no exemption.  NYCL Insurance Law §3102(c)(1) requires that insurance policies be approved by the Superintendent, use common language, be written in a clear and coherent manner, and be printed in at least 10-point type.  Brinks' contract fails all these tests.

Hon. Paul G. Gardephe, U.S.D.J.
April 4, 2024
Page 2

Contracts similar to Brinks' agreement to pay for loss have been found to be insurance contracts. *Ollendorff Watch Co. v. Pink,* 279 N.Y. 32, 35–36, 17 N.E.2d 676 (1938) (Watch seller's agreement to pay for any damage within a year from sale); *People by Abrams v. American Motor Club, Inc.,* 133 A.D.2d 593, 594, 520 N.Y.S.2d 383, 385 (N.Y. App. Div. 1987) (Motor club's prepaid collision service contract); *Hamberg v. Guaranteed Mortg. Co. of New York,* 180 Misc. 276, 280, 38 N.Y.S.2d 165, 172 (N.Y. Sup. Ct. 1942) (Guaranty of payment of mortgage as inducement to the purchaser of the mortgage); *Gerenstein v. Weiner,* 9 Misc.2d 259, 260, 164 N.Y.S.2d 122, 123 (N.Y. App. Term. 1957) (Contract of neon sign servicer to replace defective or broken tubes not his own product was unenforceable insurance contract because it was assumption of a fortuitous risk); *Seekamp v. Fuccillo Automotive Group, Inc.*, 2010 WL 980581, at *5–7 (N.D.N.Y., Mar. 15, 2010) (Auto dealer's discount on purchase of new vehicle following theft of any vehicle with anti-theft device could be illegal insurance contract because theft is a fortuitous event, thus overcoming motion to dismiss).  Based on these statutes and cases, Brinks' contract is an illegal insurance policy, and that renders all its language limiting the amount it will pay unenforceable.  It also invokes tort rather than contract duties.

## The Negligence Claim is Viable Notwithstanding the Contract

"A tort obligation is a duty imposed by law to avoid causing injury to others. It is apart from and independent of promises made and therefore apart from the manifested intention of the parties to a contract. Thus, defendant may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations, or when it has engaged in tortious conduct separate and apart from its failure to fulfill its contractual obligations.... [W]here a party engages in conduct outside the contract but intended to defeat the contract, its extraneous conduct may support an independent tort claim." *N.Y. Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 316, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995), as quoted in *Fillmore East BS Finance Subsidiary LLC v. Capmark Bank*  2013 WL 1294519, at *16 (S.D.N.Y. 2013, No. 11 CIV. 4491 PGG), aff'd (2d Cir. 2014) 552 Fed.Appx. 13.

The quote captures the gravamen of the negligence claim based on Brinks' show specialists telling Counterclaimants to fill in just their desired insurance value on their manifests. That conduct does not duplicate the breach of contract claim because it occurred before the contract was entered and Brinks' obligations under the contract encompass transportation and payment in the event of non-delivery, not how to instruct customers to fill out the manifest. When Brinks' employees undertook to provide that guidance, which no contract term required them to do, they assumed a duty to do so with due care.  *Brown v. Stinson,* 821 F.Supp. 910, 915 (S.D.N.Y. 1993) (undertaking to execute a transaction imposes on the person a duty to do so with due care and duty exists once the person has "launched a force or instrument of harm"); *Nallan v. Helmsley-Spear, Inc.,* 50 N.Y.2d 507, 522, 429 N.Y.S.2d 606, 615, 407 N.E.2d 451, 459-60 (1980) (when one assumes a duty to act, he becomes subject to a duty of care); *College Auxiliary Services of State University College at Plattsburgh, Inc. Slater Corp.*, 90 A.D.2d 893, 456 N.Y.S.2d 512, 513 (3d Dept.1982) (if one acts in a professional capacity, he is duty bound to act with reasonable care).  When show specialists advised their customers to write in how much insurance they wanted rather than the actual value of the merchandise, and did not tell customers it would limit their recovery, they negligently performed the duty they undertook.

Hon. Paul G. Gardephe, U.S.D.J.
April 4, 2024
Page 3

Moreover, if the contract is interpreted as Brinks claims, the negligence claim seeks damages that would be different than the damages for failure to pay what is owed under the contract. Those damages would be the difference between what Brinks claims it owes under the contract and the full value of Counterclaimants' merchandise that Brinks' negligently failed to tell them to fill in before Counterclaimants actually transmitted signed contracts to Brinks.

*Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 551, 593 N.E.2d 1365, 1369, 583 N.Y.S.2d 957, 961 (1992) held that an alarm company's negligent failure to report a fire alarm fell into the gray area between contract and tort, but because the duty to report arose not only from contract but from the nature of the services provided and the nature of the damaging event—a "cataclysmic" event, not a mere defect in goods sold, for example--the victim could sue in tort as well as contract. The Court stated that a tort duty exists alongside contract duties for professionals, common carriers, and bailees. Brinks thus has additional duties arising in tort independent of the contract as a bailee of Counterclaimants' merchandise. See also, *Nargi v. Parking Associates Corp.*, 36 Misc.2d 836, 838-839, 234 N.Y.S.2d 42, 45-46 (1962).

The plain language of the contract supposedly barring the negligence claim is not plain at all. At least four ambiguities exist in the provisions of §X of the contract that Brinks cites. The limitation on recovery to Declared Value applies only when the shipment is "lost" during the time Brinks is responsible for it. "Lost" is subject to at least two reasonable interpretations, one of which could be "strayed or misplaced" i.e., if Brinks simply could not find a package without knowing how it disappeared or where it went. That is something different than a felonious theft, so it is unclear if the purported contractual limitation applies to a theft. See *SS&C Tech Holdings, Inc. v. AIG Specialty Insurance Co.*, 436 F. Supp. 3d 739, 745-746 (S.D.N.Y. 2020) (Distinguishing between "lost" and "stolen" is a plausible interpretation creating an ambiguity). The term "Declared Value" also is ambiguous. The front side of the manifest calls not for the "Declared Value" or actual value, but rather for "Carriage Value," a term that does not appear in the body of the contract but which Brinks has testified and which Brinks invoices say equates to insured value. Also "actual value" as used in the definition of "Declared Value" is ambiguous in the jewelry industry, as it could mean historical cost, current replacement cost, selling price at the jewelry shows, or full retail price, so there is no way for the customer to know what value is supposed to be the "Declared Value." Section X(B) says Brinks will pay actual value up to Declared Value, but §X(C)(1) says the most Brinks will pay for a shipment within the United States is $50 million, so the contract has conflicting provisions as to the maximum payable. Section X(C)(2) bars recovery of lost profits and consequential damages "whether or not caused by the fault or neglect of Brinks." That quoted phrase does not appear in the limitation on recovery of the value of property, though, which indicates that recovery of the value of property would not be limited if "caused by the fault or neglect of Brinks." Dismissal at the pleading stage would be inappropriate when the intent of the parties as to the meaning of these various ambiguous terms must be determined by a jury.

*Matter of Part 60 Put-Back Litigation*, 36 N.Y.3d 342, 165 N.E.3d 180 (2020) does not save Brinks' liability limitation for three reasons. First, the case says such clauses are closely scrutinized and must be clear and unequivocal. *Id.* at 352, 165 N.E.3d at 186. As shown above, Brinks' damage limitation clause contains multiple ambiguities. Second, the *Part 60* case upheld a damage limitation only where it was negotiated at arm's length by sophisticated parties. *Id.* at

Hon. Paul G. Gardephe, U.S.D.J.
April 4, 2024
Page 4

355, 165 N.E.3d at 188. The *Part 60* case involved a negotiated contract between Deutsche Bank and Morgan Stanley, two very large financial institutions.  Brinks' contract was not negotiated but rather imposed on a take-it-or-leave-it basis in a rushed environment of closing down the jewelry show, and is illegible on the back of the manifest.  Counterclaimants are not sophisticated financial entities with lawyers to negotiate or review contracts.  They are mom and pop jewelers, mostly immigrants, some with very limited English skills, and almost all seniors.  Third, the *Part 60* holding was limited to breach of contract claims. *Id.* at 355, 357, 165 N.E.3d at 188-190.  Brinks is trying to use it to defeat a negligence claim.

Brinks' conduct in this case rises to the level of reckless disregard for the rights of Counterclaimants.  It is not an accidental failure to install a working alarm or maintain a working video camera, as in the cases Brinks cites.  It is a series of conscious decisions at the company level to not even supply an alarm or a camera, to use a locking mechanism thieves can compromise in seconds, to have no other anti-theft devices in effect, and to conduct no due diligence on crime at stopping points.  It is also a series of conscious decisions on the part of the driver not to wake his co-driver even though the latter had more than satisfied rest regulations, to leave the merchandise unguarded for 27 minutes while he ate a meal out of view that he could have eaten in the vehicle, and to park the vehicle with easy access to the trailer rather than abutting up against another truck.  *Sommer v. Federal Signal Corp., supra,* 79 N.Y.2d at 555, 593 N.E.2d at 1371, 583 N.Y.S.2d at 963-964 found gross negligence on far less egregious facts.

### The Fraud Claim is Viable Notwithstanding the Contract

The ambiguities in the contract also defeat Brinks' argument that Counterclaimants' reliance was not reasonable.  Brinks' own authority states repeatedly that reliance is not reasonable only if it conflicts with an "unambiguously-worded agreement." *Washington Capital Ventures, LLC v. Dynamicsoft, Inc*., 373 F. Supp. 2d 360, 365-366 (S.D.N.Y. 2005); *Jackson v. Broad Music, Inc.*, No. 06-2283, 2007 WL 2914516, at *1 (2d Cir. Oct. 5, 2007) (no reasonable reliance because of "clear language" of contract); *Morby v. Di Siena Associates LPA,* 291 A.D.2d 604, 605, 737 N.Y.S.2d 678 (2002) (contract "clear and unambiguous" so no justifiable reliance on misrepresentation as to nature of contract); *Maines Paper & Good Serv. Inc. v. Adel*, 681 NY.S.2d 390, 391 (1998) (no justifiable reliance when contract unambiguous and clear).  Brinks' contract contains not only the four ambiguities enumerated above, but also §II(g) of the contract states that a misrepresentation of the value of the shipment may be insurance fraud, while at the same time Brinks disclaims providing insurance yet agrees to pay for the fortuity of "loss", reinforcing that the value stated should be the insurance value desired.

In the face of all these ambiguities, even if the contract were legible, Counterclaimants could not discern from the contract language what value should be filled in on the manifest and what the effect would be in the event of a theft.  They needed the guidance of Brinks, and Brinks fraudulently guided them into filling in the amount of insurance desired without ever disclosing Brinks' position that the contract would limit recovery in the event of a theft to the amount written down.  Therein lies the fraud:  To save money in the event of a potential theft event, and to save money on security measures that are increased above a certain overall cargo value, Brinks induced Counterclaimants to list just the amount of insurance they wanted.

Hon. Paul G. Gardephe, U.S.D.J.
April 4, 2024
Page 5

As to the other fraud allegations, in *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993), the Second Circuit listed three circumstances in which a duty to disclose may arise under New York law: "first, where the party has made a partial or ambiguous statement ...; and third, 'where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge.' " (quoting *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, N.A.*, 731 F.2d 112, 123 (2d Cir.1984)). Brinks certainly made a partial or ambiguous statement when it told Counterclaimants to write on the manifest the amount of insurance they desired without telling them it would be the limit of recovery and it was supposed to be the actual value of the merchandise (and at what market level actual value should be measured). Brinks possessed superior knowledge about its own security procedures, or lack of them, and about the fact that it was not using armored vehicles when its website and office photos depicted almost exclusively armored vehicles, and Brinks had to know that Counterclaimants expected armored vehicles and guarding of the goods.

### Counterclaimants Have Adequately Pled the General Business Law Claim

Counterclaimants have explicitly pled consumer-oriented conduct in ¶46. Brinks' Los Angeles office located in the heart of the jewelry industry and serving jewelers selling at jewelry displays a photo board of Brinks vehicles, attached as Exhibit 1. It shows nothing but armored vehicles. Any casual trip to or through Brinks' website likewise reveals images of armored vehicles. See Exhibit 2. To get to the website in Brinks' footnote, one would have to know to use "brinksglobal.com" instead of just searching for Brinks, and then one would have to come up with the four-word combination "secure-long-haul-transportation", and even at that, one would then have to know that the trailer partially depicted was not armored.

Statements that Brinks uses the best practices in security are hardly mere puffery when viewed in the context of Brinks securing tens of millions of dollars of jewelry with a simple padlock in a hasp compromised in seconds. Such statements are highly misleading. Brinks' argument that it provides security by means of such a lock and with armed guards ring hollow when the hasp takes about six seconds to cut through and the guards routinely leave the goods unguarded. Charging a fee for security with undisclosed knowledge that the goods could be unguarded for a half-hour at a time misleads customers about whether the goods will be secured.

### Counterclaimants Have Adequately Pled a California §17200 Claim

Counterclaimants pled a claim under California Business & Professions Code §17200 as an alternative to the General Business Law Claim. If the parties agree or the Court rules that GBL §349 can apply where the services were purchased, the goods delivered, the transportation occurred, and the theft happened in California, then there is no need for the §17200 claim. If the claim is needed, Counterclaimants have sufficiently pled it. They meet the fraudulent practice prong because Brinks fraudulently induced them to state a value less than the full value of their goods, and Brinks' contract is rife with ambiguities that would confound any jeweler trying to understand it. They meet the unfair prong because in a consumer context, "an 'unfair' business practice occurs when that practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Bardin v. DaimlerChrysler Corp.* (2006) 136 Cal.App.4th 1255, 1268, 39 Cal.Rptr.3d 634, 642. The *Cel–*

Hon. Paul G. Gardephe, U.S.D.J.
April 4, 2024
Page 6

*Tech* case Brinks cited only applies in cases involving competitors alleging unfair practices, not consumers.  *Bardin, supra,* 136 Cal.App.4th at 1265.

### **The Request for Punitive Damages Should Remain**

The Court should leave the request for punitive damages untouched.  As discussed above, Counterclaimants have adequately alleged fraud, and that should support punitive damages.

Respectfully submitted,

*/s/ Steven C. Shuman*

STEVEN C. SHUMAN

SCS:mf

#466984

cc:  Counsel of record (via SDNY ECF)

# EXHIBIT 1



# EXHIBIT 2



## Secure Logistics

Let Brink's be your sole provider of secure
logistics, managing the pick-up, transit and
delivery of your valuables.

LEARN MORE

# The Brink's Difference

rk and supply chain experts deliver international, best-in-

## Armored Transport

With security and reliability in mind, Brink's
transports all cargo in armored vehicles
operated by highly-trained personnel.

# Secure Long Haul Transportation

Our best-in-breed, secure OTR services span precious metals, bank notes, and securities, as well as pharma-grade CEIV services.

https://www.bing.com/images/search?q=brinks+secure+transport&form=HDRSC2&first=1

Microsoft Bing

brinks secure transport

Sign in    1327    $1.64

ALL    COPILOT    IMAGES    Inspiration    Create    Collections    VIDEOS    MAPS    NEWS    SHOPPING    MORE

SafeSearch: Moderate ▾    Filter ▾

Brinks Van | Brink's | Brinks Truck | Brinks Armored | Brinks Uniform | Brinks Security Truck | Brinks Bank Truck | Brinks Armored Car | Brinks Armored Logo | Brinks Vehicle | Brinks Money Truck | Armored Truck Service | Brinks Driver | Brinks Armored Guard Uniform | Brinks Carrier


Brinks High Security Transport Business gepanzerten LKW verwe...


Brink's - Secure Logistics, Cash Management, Security Services


Brinks Security armored truck transportation in Downtown L... | Flickr


Brinks Security armored truck transportation in Downtown L... | Flickr


Brinks Security International armored truck transportation... | Flickr


Brinks security truck - qustwalker


Brink's chooses Speakap for interactive internal communication - ...


Brink's Thailand - Armored Transportation


brinks armored truck driver salary - Blair Grenier


Screenshot_2019-04-10 Brink's - Secure Logistics, Cash Management, Security Services - MyPaket...


Careers - Brink's Canada


BRINKS - INTERNATIONAL ARMORED TRUCK | Armored truck, Trucks, Army truck


Brinks Security armored truck transportation. Security sin... | Flickr


brinks security guards | Security Guard Company - XPressGuards


Brinks Security International armored truck transportation... | Flickr


Brinks Security International armored truck transportation... | Flickr


Brinks Truck Images – Browse 306 Stock Photos, Vectors, and Video | Adobe Stock


Brinks Security Truck editorial stock photo. Image of brinks - 12...


Brinks security truck editorial stock photo. Image of institutions - 80802318


Brinks on safeguarding the supply chain – European CEO


BRINKS security vehicle in york street,sydney,australia Stock Pho...


Brinks anticipe les audits sécurité du Groupe avec Qualys | Qualys, Inc.


Brinks security guard hi-res stock photography and images - Alamy


Brinks security - tiklopage


how much do brinks armored truck drivers make - Brittaney W...


Brinks security guard hi-res stock photography and images - Alamy


Brinks Security | Wallpapers Gal...


Brinks security guard - fatguide


Brinks Logistics & Security – Secure transportation and related security services


Brink's Canada, Unifor, sign tentative agreement


Brinks Security Careers | Career Trend


Brinks Home Security Systems, Packages, Plans, Cost & Pricing


Brinks 07500 International armoured armored car truck Ottawa, Ontario Canad...


Brinks security uniform - lynwestX


Brink's Truck Spills Cash on Highway, and Drivers Scoop It Up - The New York Times


Transport de fonds : Brink's, transports blindé...


Brink's Korea - Services












Feedback

              

brinks secure transport

| Web Browser | Port Moresby | Mental Health | Wrexham | System Clip | Wrixon Care | Reliable | Patient | Tube Cuffs | Built Driver Shields Taxi | High Value Cargo | Materials For | Vehicles for Cannabis Interior |

 

Brinks Logistics & Security – Secure transportation and related security services | Brink's Canada, Unifor, sign tentative agreement | Brinks Security Careers | Career Trend | Brinks Home Security Systems, Packages, Plans, Cost & Pricing | Brinks 07500 International armoured armored car truck Ottawa, Ontario Canad... | Brinks security uniform - lynwestX | Brink's Truck Spills Cash on Highway, and Drivers Scoop It Up - The New York Times | Transport de fonds : Brink's, transports blindé... | Brink's Korea - Services

        

Brinks Truck Images – Browse 306 Stock Photos, Vectors, and Video | Adobe Stock | Brinks on safeguarding the supply chain – European CEO | Top 10 Most Powerful Security Companies In The World | - Brinks | Brinks Money Transport Truck at Diemen the Netherlands 12-10-2020 Editorial Photography - Im... | Brinks security van, France Photo Stock - Alamy | Brinks armored security truck Stock Photo: 60597824 - Alamy | Flickriver: Armored Cars / Security Vans pool | brinks-logo-blue 3113 x 2340 - De Unie Security

Explore more searches like brinks secure transport

        

Web Browser | Port Moresby | Mental Health | Wrexham | System Clip | Wrixon Care | Reliable | Patient | Tube Cuffs | Built Driver Shields Taxi | High Value Cargo | Materials For

        

Προσλήψεις express στην Brink's Hellas-Κάντε αίτηση - Aftodioikisi.gr | Armored truck, Brinks armoured money transport vehicle, USA Stock ... | Brinks truck hi-res stock photography and images - Alamy | Brink's Canada, Unifor, sign tentative agreement | Camion Brinks | Starboard Pressures Brink's (BCO) to Improve Logistics, Raise Stock Price - T... | Brinks Security Truck editorial image. Image of workers - 1293... | Review Of Brinks Armored Truck Pay Ideas - Herbald | Brinks Armored Truck Editorial Photo | CartoonDealer.com #45065287

         

Basta de Amenazas de muerte en Brinks – PST-Colombia | Brinks 07500 International armoured armored car truck Ottawa, Ontario Cana... | BRINKS - INTERNATIONAL ARMORED TRUCK | Flickr - Photo Sharing! | Brinks Armored Truck Editorial Photo | CartoonDealer.com #45065287 | Brinks armored Truck editorial photography. Image of instituti... | Brinks 11701 International armoured armored car truck Otta... | Flickr | Two Men of the Guards of the Truck of Brink's Company Put the Money ... | Van in Traffic with the Brink's Company Logo. Brink's Compa... | brinks armored truck pay - Ravishing Column Diaporama | Brinks Home Security Features, Plans, And Pricing | JNA DEALER

      



Brinks 07500 International armoured armored car truck Ottawa, Ontario Canada 10312011-132 ©Ian A ...

pinterest.se | 640 × 427 jpeg | 6 yrs ago

Visit site    Pages    Image sizes

Image may be subject to copyright.

Visual Search    Save    View image    Feedback    ••• More

Related searches

Brinks Bank Truck

Brinks Armored Security Truck

Brinks Armored Money Truck

 Brinks 07500 International armoured armored car truck...

 Peterbilt - Brinks Truck: Olympus SLR Talk Forum: Digital ... 560 x 420 jpeg — Digital Photography Review...

 Brinks 07500 International armoured armored car truck...

 Brinks International Armored Truck | FormerWMDriver | Flickr

 Sacramento Movers | Official Movers UC Davis | Mother Lode...

 Brinks truck pulls up to Dave Dennis event; 'Santa Claus' in...

 Brink's Armored Car Workers Join Fight for 15 and a Union | Labor...

 Brinks - a photo on Flickriver

 REALLY STUPID GUY OFFERS TO HELP A BRINKS ARMORED... 1:01

 North Jersey Truck Center - Parts, Service, Truck Financing and...

 Brinks | Location : West Lebanon (NH - USA) | Gerard Donnelly |...

Related searches

Related searches


Armored Trucks - Worldwide ATM


Hauling lumber | Page 2 | Tacoma World


Flickr: The Armored Cars / Security Vans Pool


Peterbilt Concept Truck


Brinx | Location : West Lebanon (NH - USA) | Gerard Donnelly |...


Navistar International DuraStar Armored Truck / Brinks Security...


Loomis armored car | Michelle Ress | Flickr


Brinks | Gerard Donnelly | Flickr


Garda World armored truck in Moscow, ID - Virtual Globetrotting


| Page 26


Armored Box Truck


Red Peterbilt Truck


Brinks International Armored Truck | Armored truck, Trucks,...


BRINKS - INTERNATIONAL ARMORED TRUCK | Armored...


IL, Chicago Police Department Other Unit

Cash in transit


Brink's Company Snaps Up PAI For $213M; Shares Gain


Armortek Custom Armored Cars Announces Skid Mounted Riot...

Related searches


Peterbilt Tow Truck

Freightliner Armored Truck

Dunbar Armored Truck

359 Peterbilt Trucks


Brink's Canada, Unifor, sign tentative agreement


International 4700 DT 466E Loomis Armored Truck in New...


Brink's Armored Car Workers Join Fight for 15 and a Union | Labor...


Brinks International | Truck CB-26, International 7600 | Felipe G |...


Thieves Steal Over $100M in Jewelry From an Armored Truck...


PETERBILT - BRINKS Canada - a photo on Flickriver


Peterbilt Big Rig Truck

Peterbilt Truck Images




BRINKS - INTERNATIONAL ARMORED TRUCK | Navymailma...

File:Armoured Car corner of


Could This Be the Least Risky Way to Profit from Marijuana...

A complete paint job with Imron Elite by Dupont

Brinks armored security truck, Stock Photo, Picture And Rights...

NORTAF - a photo on Flickriver

Brink's Armored Car Workers Join Fight for 15 and a Union | Labor...

Brink's truck pulls up to Dave Dennis event; 'Santa Claus' in...

Related searches


See more images ▼



https://www.linkedin.com/company/brinksglobalservices/

  Q Search

 Home     My Network     Jobs     Messaging



# Brink's Global Services (BGS)

Entrusted to handle valuables worth billions every day

Financial Services · MANCHESTER · 2K followers · 10K+ employees

 + Follow    Visit website     ( ... )

**Home**    About    Posts    Jobs    People

## About

Brink's been safeguarding valuables since 1859. With 150 years of experience, Brink's offers the utmost quality of service and sets the market standard.

Brink's Global Services (BGS) is the global division of Brink's, Incorporated, a widely recognized provider of secure logistics solutions. Utilizing our integrated network of worldwide affiliates, BGS offers secure transport and associated security services in more than 110 countries.

Show all details →

https://brinksglobal.com/diamonds-and-jewelry

 CUSTOMER NOTICE: ICS2 REQUIREMENTS

 

INDUSTRIES / DIAMONDS AND JEWELRY

# Diamonds & Jewelry

Focus on what matters most — your customers and your sales.

THE BRINK'S DIFFERENCE

# Flawless execution across all facets of logistics.

As the global leader in secure transportation spanning the diamond and jewelry value chain, Brink's offers insight and expertise from mind to finger.

