```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRINK'S GLOBAL SERVICES USA, INC.,

    Plaintiff,

-against-

BONITA PEARL INC., et al.,

    Defendants.

22-CV-6653 (PGG) (BCM)

**ORDER RE SEALING**

**BARBARA MOSES, United States Magistrate Judge.**

    On October 20, 2023, plaintiff Brink's Global Services USA, Inc. (Brink's) filed a motion to strike all five rebuttal reports served by defendants (Dkt. 208), along with a one-paragraph letter-motion to seal its moving papers (Dkt. 207), which I denied on November 1, 2023, for lack of support, without prejudice to plaintiff's right to renew its request before November 6, 2023 (the date on which I planned to unseal the moving papers). (Dkt. 216.)

    On November 5, 2023, Brink's again requested, by letter-motion, that the rebuttal reports themselves remain under seal, together with portions of its moving brief. (Dkt. 217.) Plaintiff explained that the reports – all of which address the alleged security failures that contributed to the robbery of a Brink's vehicle on July 11, 2022, in which defendants lost valuable property – revealed "highly sensitive and proprietary security information," concerning, among other things, plaintiff's "security protocols and details, such as the manufacturer, operation, and relative strength of locks and other mechanisms used to protect assets under transport." (*Id.* at 2.)

    In an Order dated November 6, 2023, I found the request insufficiently "tailored," *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006), and declined to seal the rebuttal reports in their entirety. *See* 11/6/23 Order (Dkt. 219) at 2-3 ("It cannot be the case . . . that every page of defendants' expert reports, including the experts' CVs and lists of prior expert engagements, requires sealing."). Noting that similar issues were likely to arise with respect to the

defendants' papers in opposition to the motion to strike, as well as plaintiff's reply papers, I directed the parties to meet and confer in good faith in an effort to agree upon "appropriate redactions" to all relevant motion papers, and to file the unredacted copies under seal, with the redactions highlighted for the Court's review. *Id*. at 3.

The parties complied with my directions, and plaintiff significantly narrowed its sealing request. By way of example, plaintiff now proposes to redact less than one page from the six-and-a-half-page rebuttal report of Tim Griffin (Dkt. 222-2 at ECF pp. 51-61), and slightly over two pages from the 13-page rebuttal report of Daniel W. Lupton. (Dkt. 222-2 at ECF pp. 63-79). The proposed excisions from the memoranda of law are even more restrained. Brink's proposes to redact two sentences from its 17-page moving brief (Dkt. 222-1), approximately two-and-a-half pages (in the aggregate) from defendants' opposition brief (Dkt. 284-1),[1] and one sentence from plaintiff's 10-page reply brief. (Dkt. 224.) Further, plaintiff has now explained – in some detail – that the redacted portions would reveal its "highly confidential security procedures," including measures in place in 2022 and new measures, adopted since the robbery, the public disclosure of which could "increase the threat of robbery or other malfeasance directed at Brink's employees and the valuable assets they protect." Pl. 11/15/23 Ltr. (Dkt. 223) at 1-2; *see also* Pl. 11/21/23 Ltr. (Dkt. 227), Ex. A.

Defendants, for their part, object to almost all of the proposed redactions, arguing that information concerning plaintiff's 2022 security measures (and the alleged deficiencies in those measures) is "dated," and that information concerning the technical capabilities of the locking mechanisms that Brink's uses is available to the public simply by looking at the back of a Brink's

---

[1] Brink's proposed redactions to defendants' opposition papers, filed on November 15, 2023 (Dkt. 222-3) did not include proposed redactions to the opposition brief itself, but only to the supporting declaration of Steve Shuman. Brink's filed a corrected submission on September 9, 2024. (Dkt. 284.)

vehicle and/or reviewing the websites of the relevant manufacturers and distributors. Def. 11/17/23 Ltr. (Dkt. 226) at 1-2. Defendants assert that plaintiff's true motivation is not to protect genuinely sensitive information but to "litigate as much of this case as possible in secret so it can defraud the consuming public" by concealing "how poor its security measures were (and maybe are)." *Id*. at 3. Plaintiff responds in kind, claiming that it is defendants who are improperly motivated, by a desire to injure Brink's in the court of public opinion. Pl. 11/27/23 Ltr. at 4.

I have carefully reviewed all of the proposed redactions under the standards set forth in *Lugosch* and its progeny. I conclude that all of the documents at issue are "judicial documents," to which a presumption of public access applies, because all of them are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). The question for the Court on the motion to strike is whether the challenged reports were properly served as "rebuttal" reports under Fed. R. Civ. P. 26(a)(2)(D)(ii), as defendants contend, or constitute forbidden "supplemental" reports, improperly designed to shore up weaknesses in defendants' original reports, as plaintiff argues. The Court cannot resolve that dispute without reading the reports. I therefore reject plaintiff's contention (*see* Pl. 11/21/23 Ltr. at 1-2) that the challenged reports are not judicial documents because they address issues (such as plaintiff's alleged gross negligence) that in plaintiff's view are not relevant to the parties' claims and counterclaims.[2]

I agree with plaintiff, however, that the presumption of public access is not particularly weighty where, as here, the question for the Court is not whether Brink's was or was not negligent (or grossly negligent), nor even whether its alleged gross negligence is a cognizable defense to plaintiff's contract-based claims, but simply whether defendants' reports are "intended solely to

---

[2] Even if plaintiff's motion to strike were made on relevance grounds (it is not), the Court would still be required to read the challenged reports in order to determine whether to strike them.

contradict or rebut evidence on the same subject matter identified by another party," such that they qualify as "rebuttal" reports under Rule 26(a)(2)(D)(ii) and my prior order (Dkt. 190) authorizing defendants to serve such reports. *See United States v. Amodeo*, 71 F.3d 1044 ("Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance."); *Brinks Glob. Servs. USA, Inc. v. Bonita Pearl, Inc.*, 2023 WL 4399042, at *2 (S.D.N.Y. July 6, 2023) ("Where, as here, the document at issue relates to a discovery dispute, the presumption of access 'has only "modest" weight'") (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023)).

Consequently, although I recognize that reasonable minds could disagree about the degree of sensitivity of each sentence and factoid that plaintiff has redacted, I am satisfied that plaintiff has offered "specific and substantial reasons" for each. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). I further conclude that the redactions are both "necessary to preserve higher values," *Lugosch*, 435 F.3d at 124 – specifically, to protect the non-public details of plaintiff's security measures from those who might wish to defeat them – and "narrowly tailored to achieve that aim." *Id.* I caution the parties, however, that my ruling governs only the pending motion to strike the reports. The balance could be struck differently if the same documents are submitted to the Court for a different purpose (for example, in support of or opposition to summary judgment).

For these reasons, it is hereby ORDERED that the parties' sealing motions at Dkts. 217, 220, and 223 are GRANTED to the extent that the unredacted versions of their papers in support of and in opposition to the motion to strike shall remain under seal.

Plaintiff has already filed the redacted versions of its reply papers on the public docket. (Dkt. 225.) Plaintiff is now directed to file the redacted versions of its moving papers (Dkts. 222-1, 222-2) and defendants' opposition papers (Dkts. 284-1, 284-2) on the public docket as well.

Dated: New York, New York
September 9, 2024

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**