# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| BRINKS GLOBAL SERVICES USA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:22-cv-06653-PGG |
| | ) | |
| v. | ) | |
| | ) | |
| BONITA PEARL, INC., *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF BRINKS GLOBAL SERVICES USA, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE RULING ON THE MOTION TO STRIKE DEFENDANTS' REBUTTAL EXPERTS

**McGUIREWOODS LLP**
1251 Avenue of Americas
20th Floor
New York, NY 10020-1104
Telephone: 212.548.2100
Facsimile: 212.548.2150

Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804.775.1000
Facsimile: 804.775.1061

355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071
Telephone: (213) 627-2268
Facsimile: (213) 457-9883

*Counsel for Plaintiff Brink's Global Services
USA, Inc.*

## INTRODUCTION

Plaintiff Brink's Global Services USA, Inc. ("Brink's") respectfully submits this Opposition to Defendants' Motion for Reconsideration of this Court's September 18, 2024 Order. Defendants challenge one portion of the Court's Order—the striking of Daniel Lupton's Rebuttal Report at pp. 9-10, ¶¶ 8-9 as improper rebuttal.  Brink's respectfully requests that Defendants' Motion for Reconsideration be denied for the following reasons.

*First*, Defendants fail to satisfy the standard required for reconsideration since they point to no testimony or argument "overlooked" by this Court.  To the contrary, Defendants concede that this Court fully considered the nature of Michael Beech's testimony and already rejected Defendants' argument that Mr. Beech was providing expert testimony on "customer decision-making."  *See* Dkt. 292 at 4; *see also* Dkt. 286 at 14 (Court's Order).  Therefore, the Court clearly did not overlook such testimony, and there is no basis for reconsideration.

*Second*, Defendants try to justify reconsideration by improperly citing to *new* testimony that Defendants did not provide to the Court with their underlying opposition.  More importantly, the new testimony cited by Defendants does not form the basis for the opinion stricken by the Court.  The Court struck Mr. Lupton's opinion that there was a "quantifiable expectation" that Brink's employees guard valuables.  *See* Dkt. 292 p. 19.  But Mr. Lupton bases that opinion— ¶ 9—on a wholly separate section of Mr. Beech's deposition—pp. 117:12 – 119:10.  *See* Lupton Report, ¶ 9 (linking "quantifiable expectation" based on the possibility of disciplinary action against Brink's drivers).  Defendants' new-found testimony was not quoted by Mr. Lupton and, in fact is found over 30 pages distant from the testimony cited by Mr. Lupton as the basis for his opinion in Paragraph 9 of his report.  In any event, the new-found testimony from Michael Beech does not change the Court's prior conclusion about Beech's opinions and the new-found

1

testimony cannot form the basis of a reconsideration motion because the Court could not have "overlooked" testimony that was not previously provided.

*Third*, the Court's prior ruling was correct. Even setting aside the high burden that Defendants must satisfy for reconsideration, all the record evidence confirms that the Court properly struck the improper testimony from Daniel Lupton about customer decision-making. The Court is correct that such opinions do not rebut Beech's expert opinions. As the Court recognized, Beech merely "testified about the limited promises made in the Contract." Dkt. 286 at 14. For these reasons, Brink's respectfully requests that the Court deny Defendants' Motion for Reconsideration.

## LEGAL STANDARD

Reconsideration is an "extraordinary remedy to be applied sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d. 613, 614 (S.D.N.Y. 2000)). The standard for granting a reconsideration motion is "strict," and reconsideration generally will be denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Defendants fail to satisfy the high burden required for reconsideration.

## ARGUMENT

### A. The Court Already Rejected Defendants' Argument About the Nature of Michael Beech's Testimony

As an initial matter, Defendants admit that they are seeking reconsideration based on testimony that this Court already considered in its initial Order. As Defendants concede, this

Court already considered the nature of Michael Beech's testimony and determined—*correctly*—that Mr. Beech was testifying about the limited promises made in the Contract, *not* offering expert opinions about "customer decision-making."  *See* Dkt. 292 at 4; Dkt. 286 at 14 (Court's Order) ("…Beech did not offer an expert opinion about why customers choose Brink's. Rather, he testified about the limited promises made in the Contract.  That testimony therefore did not open the door for…a broad new opinion about customer decision-making."); *see also id*. at p. 19 ("As explained above, I do not read Beech's testimony so broadly.  Beech did testify to the uncontroverted fact that the language of the Contract makes no promises about guarding the customer's property.  Rather than respond to that point, however, Lupton asserts that there was "some quantifiable expectation that [Brink's] employees do in fact guard valuables that they have taken custody of.").

Accordingly, Defendants' motion is not a motion for reconsideration at all.  It is an improper attempt for a second bite at the apple.  *See Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 144 (2d Cir.1998) (a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"); *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").  Brink's respectfully requests that the Court reject Defendants' improper request for reconsideration of an argument already considered by the Court.

**B.    Defendants Are Not Permitted to Introduce New Testimony That They Did Not Cite Before And That Was Not In Lupton's Opinions**

In addition, Brink's respectfully requests that the Court reject Defendants' attempt to introduce new testimony for the first time with their motion for reconsideration.  Facts set forth for the first time in the reconsideration motion "cannot have been 'overlooked' by the court during

3

its consideration of the initial motion." *Lewis v. N.Y. Tel*., 1986 WL 1441, at *1 (S.D.N.Y. Jan. 29, 1986) (citation omitted); *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co*., 2016 WL 5408171, at *5 (S.D.N.Y. Sept. 27, 2016) (document relied upon in reconsideration motion was not "'overlooked' by the Court, since RPI never previously submitted it"); *Ferring B.V. v. Allergan, Inc*., 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (movant must demonstrate that court overlooked matters "that were before it on the original motion"). Similarly, legal arguments raised for the first time on reconsideration are not proper grounds for reconsideration. *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petrol. Corp*., 948 F.2d 111, 115 (2d Cir. 1991).

Here, in their reconsideration motion, Defendants purport to quote *for the first time* three additional passages of Michael Beech's testimony. *See* Dkt. 292, p. 4 (stating that they are "quot[ing] Beech a bit more extensively" before listing three purported additional quotations). None of the passages were included in Defendants' original opposition. Nor were the passages before the Court when it entered the original Order—or even properly before the Court now.

Moreover, the new testimony—pp. 139; 140 and 150—is nowhere near the testimony that Mr. Lupton cites as the basis for his "customer decision-making" opinion in ¶ 9 of his report. Mr. Lupton specifically references pp. 117:12-119:10 of Beech's transcript and Beech's discussion about disciplinary action against the Brink's drivers. *See* Lupton Report, ¶ 9. This testimony is explicitly the foundation for Lupton's "quantifiable expectation" opinion in ¶ 9 of his report. Beech's testimony cited by Defendants in their Motion for Reconsideration is 30 pages later and is wholly unrelated to disciplinary action against Brink's drivers. As the Court held in its Opinion, the new-found testimony relates to the simple fact that "the Contract makes no promises about guarding the customer's property." Dkt. 286, p. 19. In sum, the new-found

testimony cited by Defendants is not new and was not relied upon by Lupton for the opinion in ¶¶ 8 and 9.  The Court properly struck that opinion in its September 18, 2024 Opinion and Order.

**C.    The Court's Prior Ruling was Correct—Lupton's ¶¶ 8 and 9 Opinions are Improper Rebuttal that Do Not Rebut Brink's Expert Opinions**

Finally, setting aside Defendants' failure to meet the procedural requirements for a Motion to Reconsider, Defendants' Motion also fails because the Court was correct—Mr. Lupton's ¶¶ 8 and 9 opinions do not rebut Michael Beech's opinions.

As Defendants concede, Mr. Lupton's new "rebuttal" opinions seek to "point[] to the fact that Brink's taking full financial and disciplinary responsibility…implies that Brink's protects the customer's goods."  Dkt. 292, p. 5.  In other words, Defendants seek to have Lupton introduce new opinions about "customer decision-making" and the reasons customers ship with Brink's. *See id.*

As this Court recognized in its original Order, such opinion would *not* rebut the expert opinions of Michael Beech, which merely state the "limited promises made in the Contract." Dkt. 286, p. 14; *see also id.* at n. 11.

The Court's original Order was correct: Mr. Beech's testimony was never offered as "consumer decision-making" expert opinion.  Simply put, Mr. Beech offered *factual testimony* about "the limited promises made in the Contract."  Dkt. 286, p. 14.  As this Court noted, this factual testimony is "a long way from an expert opinion as to why customers choose to ship with Brink's."  *Id.* at n. 11.  This testimony does not "open the door … to offer a broad new opinion about customer decision-making."  *Id.* at p. 14.

Finally, as noted above, Lupton's new opinion in ¶¶ 8 and 9 of his Rebuttal Report are expressly founded on testimony about the disciplinary action (or the absence thereof) against Brink's' drivers.  *See* Lupton Report ¶ 9 and Beech Depo. 117:12 – 119:10.  Lupton's "customer

decision-making" opinion was never based on testimony cited in the Motion for Reconsideration—pp 138; 140 and 150.

Had Defendants wanted to introduce expert opinions about customer decision-making, customer expectations, or how customers formulate their choices Defendants should have included those opinions in their initial disclosures; not for the first time in rebuttal.

## **CONCLUSION**

The Court correctly ruled that Lupton's "customer decision-making" opinions at ¶¶ 8 and 9 should be stricken. Defendants have not met the standard for a Motion for Reconsideration in this Court. Further, they argue that the Court should consider new-found testimony, but this new-found testimony is not the testimony that Mr. Lupton said he relied upon for his customer decision-making opinion. For the foregoing reasons, Brink's respectfully requests that the Court deny Defendants' Motion for Reconsideration.

Dated: New York, New York            Respectfully submitted,
       October 8, 2024


                                     __/s/ Robert F. Redmond, Jr._____
                                     Robert F. Redmond, Jr. (*admitted pro hac vice*)
                                     Matthew D. Fender
                                     Carson R. Bartlett (*admitted pro hac vice*)
                                     MCGUIREWOODS LLP
                                     Gateway Plaza
                                     800 East Canal Street
                                     Richmond, Virginia 23219
                                     rredmond@mcguirewoods.com
                                     mfender@mcguirewoods.com
                                     cbartlett@mcguirewoods.com
                                     T: (804) 775-1123
                                     F: (804) 698-2145

                                     Katherine A. Garland
                                     MCGUIREWOODS LLP
                                     1251 Avenue of the Americas, 20th Floor

New York, New York 10020-1104
kgarland@mcguirewoods.com
T: (212) 548-7028
F: (212) 715-6269

Nicholas J. Hoffman (*admitted pro hac vice*)
McGUIREWOODS LLP
355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071
nhoffman@mcguirewoods.com
T: (213) 627-2268

*Counsel for Plaintiff Brink's Global Services USA, Inc.*