ObpFbriC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   BRINK'S GLOBAL SERVICES USA,
    INC.,
4
                    Plaintiff,
5
                v.                              22 Civ. 6653 (PGG)
6
    ARAT JEWELRY CORPORATION,
7   *et al.*,
                                                Telephone Conference
8
                    Defendants.
9
    ------------------------------x
10                                              New York, N.Y.
                                                November 25, 2024
11                                              3:30 p.m.

12  Before:

13                      HON. PAUL G. GARDEPHE,

14                                              District Judge

15                          APPEARANCES

16  MCGUIREWOODS LLP
            Attorneys for Plaintiff
17  BY:  ROBERT F. REDMOND, JR.
            MATTHEW D. FENDER
18          CARSON BARTLETT
            NICK HOFFMAN
19
    GERALD KROLL
20          Attorney for Defendants

21  ROBERT R. VIDUCICH
            Attorney for Defendants
22
    ENGSTROM, LIPSCOMB & LACK
23          Attorneys for Defendants
    BY:  STEVEN SHUMAN
24

25

ObpFbriC

1        (Case called; appearances noted)

2        THE COURT:  Let me first explain why we're doing this

3    by telephone.  Counsel are variously located in Richmond;

4    Jackson, Wyoming, and; Los Angeles, California, so for that

5    reason, I'm proceeding by telephone today.

6        I'm going to be ruling on motions to seal that have

7    been filed by both sides.  The background is as follows:

8    Plaintiff Brink's entered into agreements to transport property

9    belonging to 11 jewelry companies, each of whom is a defendant

10   in this case.  (Cmplt. (Dkt. No. 1 15-16)  In this action,

11   Brink's seeks a declaratory judgment regarding its duties and

12   liabilities under these agreements.  (*Id.*  40-43)

13       Defendants have counterclaimed for breach of contract

14   negligence, fraud, violations of the General Business Law § 349

15   as well as for violations of the California Business &

16   Professional Code § 17200, *et seq.*  (Ans. (Dkt. No 235)  5-60)

17       On May 6, 2024, Brink's moved for summary judgment.

18   (Dkt. No. 248)  In connection with that motion, both sides have

19   moved to seal certain portions of the summary judgment record.

20   (*See* Pltf. Sealing Ltr. (Dkt. No. 266); Def. Sealing Ltr. (Dkt.

21   No. 268); *see also* Def. Objs. to Pltf.'s Sealing Reqs. (Dkt.

22   No. 260-2)

23       I will now rule on the partiers' various sealing

24   motions.  Beginning with Plaintiff Brink's sealing motion.

25   Brink's seeks to seal: (1) portions of eight exhibits attached

ObpFbriC

1  to the declaration of Robert F. Redmond; (2) two lines in

2  Defendants' brief opposing Plaintiff's summary judgment motion;

3  (3) portions of three exhibits attached to the declaration of

4  Steven C. Shuman; (4) portions of the declaration of Daniel

5  Lipton; (5) three lines in Defendants' Local Rule 56.1 Amended

6  Response to Plaintiff's Local Rule 56.1 Statement; and (6)

7  three lines in Plaintiff's Response to Defendants' Statement of

8  Additional Facts.  (Pltf. Sealing Ltr. (Dkt. No. 266) at 1-2)

9       Brink's argues that sealing as to these materials is

10  appropriate because (1) the parties agreed to treat the

11  information reflected in these documents as "Confidential" or

12  "Highly Confidential" under the Court's Protective Order (see

13  Protective Order (Dkt. No. 108)); and (2) this information

14  relates to sensitive security measures that Brink's uses.

15  (Pltf. Sealing Ltr. (Dkt. No. 266) at 3-4)

16       Defendants object to many of plaintiff's proposed

17  redactions, arguing, among other things, that the information

18  is already public and/or does not pose a security risk if

19  publicly disclosed.  (Def. Sealing Ltr. (Dkt. No 268) at 3;

20  Def. Objs. to Pltf. Sealing Reqs. (Dkt. No. 260-2) at 2-3)

21       Defendants, for their part, seek to seal eight

22  exhibits attached to the declaration of Robert Redmond.  These

23  exhibits consist of tax return documents.  Defendants also seek

24  to seal dollar amounts taken from these documents that are set

25  forth in Plaintiff's Local Rule 56.1 Statement and reproduced

ObpFbriC

in Defendants' Response to Plaintiff's Local Rule 56.1

Statement.  (Def. Sealing Ltr. (Dkt. No. 268) at 2-3)

        I note that exhibits 1-69 and 1-87B to the Redmond

Declaration (*See* Dkt. Nos. 251-101 and 251-139 through 251-150)

are tax returns for Defendants Bonita Pearl, Inc. and Supreme

Collection Corporation.  Defendants do not reference these

exhibits in their motion to seal.  (*See* Def. Sealing Ltr. (Dkt.

No. 268) at 2)  Brink's has, nonetheless, filed these exhibits

under seal.  (*See* Pltf. Supp. Sealing Ltr. (Dkt. No. 276) at

1-2), and I assume that Defendant's failure to reference these

exhibits in their sealing motion is an oversight.  Accordingly,

I will consider whether exhibit 1-69 and exhibit 1-87B to the

Redmond declaration should be maintained under seal, along with

the defendant's other tax return documents.

        Defendants argue that these materials should be sealed

because they are portions of their tax return or reflect

inventory figures taken from their tax returns (Def. Sealing

Ltr. (Dkt. No. 268) at 2)  Brink's argues, however, that the

inventory values are not confidential and only Social Security

Numbers and Tax Identification Numbers should be redacted from

the relevant tax returns.  (Pltf. Sealing Ltr. (Dkt. No 266) at

5)

        I will now address the legal standards that govern the

parties' sealing motions.  As a general matter, documents filed

in support of a motion "are judicial documents to which a

ObpFbriC

presumption of immediate public access attaches under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). This presumption of access "can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.*

The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal. First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a "judicial document" -- that is, an "'item relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 115.

If the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* at 119.

Generally, the information will fall somewhere on a continuum "from matters that directly affect an adjudication to matters that come within a court's purview solely to ensure their irrelevance." *Id.* Finally, after determining the weight of the presumption of access, the court must "balance competing

ObpFbriC

considerations against it." *Id.* at 120.  "Such countervailing

factors include but are not limited to the danger of impairing

law enforcement or judicial efficiency and the privacy

interests of those resisting disclosure." *Id.*

        Here, the materials at issue were submitted in

connection with plaintiff's motion for summary judgment and

thus are clearly "judicial documents."  Moreover, there is a

strong presumption of access to these submissions because they

will "directly affect" this Court's adjudication of the motion.

*See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Assn. of Sec.*

*Dealers, Inc.*, No. 07 Civ. 2014, 2008 WL 199537, at *16

(S.D.N.Y. Jan. 22, 2008) ("Motion papers are judicial documents

and are thus subject to a strong presumption of access under

the First Amendment.")

        To rebut the strong presumption of public access here,

the parties must offer specific facts "demonstrating that

closure is essential to preserve higher values and is narrowly

tailored to serve that interest."  *Lugosch*, 435 F.3d at 120.

        I will now address whether plaintiff has made the

necessary showing with respect to the material it seeks to

seal.

        As I noted, Brink's seeks sealing as to portions of

eight exhibits to the Redmond declaration. (Dkt. No. 251)

        The first three exhibits are expert reports that were

prepared by security experts.

ObpFbriC

1        As to the expert report of Robert Scally (Dkt. No.

2   251-80), the Court finds that portions that Plaintiff seeks to

3   maintain as sealed are properly sealed.  The first excerpt on

4   page seven discusses average values of Brink's over the road

5   shipments; the second excerpt on page seven and the excerpt on

6   page twelve disclose the value threshold for bespoke security

7   measures for Brink's over the road shipments; and the excerpts

8   on page ten disclose specific vehicle security measures that

9   Brink's employs.

10       Brink's has adequately explained why the disclosure of

11  this information would pose a risk to the safety of Brink's

12  employees.  *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168

13  (S.D.N.Y. 2018) (citing public safety as a substantial interest

14  that may overcome the presumption of access); *United States v.*

15  *Doe*, 629 F. App'x 69, 73 (2d Cir. 2015) (affirming a sealing

16  order where "unsealing could jeopardize the safety of numerous

17  individuals").

18       As to the expert report of Nigel Paxman (Dkt. No.

19  251-81), Plaintiff seeks to seal an insurance policy number.

20  The application to seal is denied because Brink's has not

21  adequately explained why redaction of an insurance policy

22  number is "'essential to preserve higher values and is narrowly

23  tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

24       To the extent that Brink's argues that the policy

25  number should be sealed because it is designated as

ObpFbriC

1    Confidential or Highly Confidential under the protective order

2    in this case (*See* Protective Order (Dkt. No. 108); Pltf.

3    Sealing Ltr. (Dkt. No. 266) at 3), that argument is not

4    persuasive.  As my individual rules state, "the parties'

5    consent or the fact that information is subject to a

6    confidentiality agreement between litigants is not, by itself,

7    a valid basis to overcome the presumption in favor of public

8    access to judicial documents."  (Indiv. R. of Prac. II.B

9    (*citing In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-

10   MD-2543(JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015)).

11           As to the expert report of Michael Beech (Dkt.

12   No. 251-82), the motion to seal is granted because the experts

13   designated for sealing disclose the value threshold for the

14   bespoke security measures for over the road shipments, and I

15   have already ruled that disclosure of this type of information

16   would pose a risk to the safety of Brink's employs.

17           Brink's also seeks to seal certain deposition

18   testimony.

19           As to the deposition of Michael Beech (Dkt. No.

20   251-83), the deposition that Brink's has designated for sealing

21   discusses the frequency with which Brink's reevaluates its

22   security procedures for the over the road division.  The motion

23   to seal is denied as to this excerpt because Brink's has not

24   explained how the vague information discussed in the deposition

25   would jeopardize the safety of its employees.  Accordingly, I

ObpFbriC

am unable to make "'specific, on-the-record findings demonstrating that closure is necessary to preserve higher values and is narrowly tailored to that interest." *Lugosch*, 435 F.3d at 120.

Brinks also seeks to seal seven excerpts from the Tandy Motley deposition.  (Dkt. No. 251-86)  The motion is denied as to the first six excerpts, because I do not find that disclosure of this vague information is likely to put Brink's employees at increased risk.  (*See id.* at 22:6-25 (discussing general information about security training procedures); *id.* at 76:25 (disclosing that a Brink's location "probably" has gates); *id.* at 83:4-25 (discussing the deponent's understanding of what "standing guard" means); *id.* at 100:4-15 (discussing Department of Transportation requirements that have been incorporated into Brink's training); *id.* at 130:22-131:14 (detailing the deponent's reaction, observations, and initial investigative steps once he realized the truck's seal had been broken); *id.* at 147:4-8, 14-25 (discussing the deponent's understanding of the import of "signing for the seal" of the truck).

As to the last excerpt on page 165, the motion is denied as to lines one through five because, as I have already ruled, the fact that the trailer was not armored is not a proper subject for sealing.  (*See* Hearing Tr. (Dkt. No. 233) at 25).

ObpFbriC

1          The testimony found at lines 6 through 14 on page 165

2     of the Motley deposition is irrelevant because it involves the

3     Brink's employees' next customer and the material that the

4     Brink's employees are scheduled to transport for their next

5     customer.  Because the identity of the next customer and the

6     nature of the shipment is irrelevant to the issues in the

7     instant case, sealing will be granted.  *See Sec. & Exch. Comm'n*

8     *v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16,

9     2023) (granting motion to seal the identities of non-parties

10    because the third-party privacy interests outweighed the

11    minimal relevance of the information to the court's summary

12    judgment decision).

13         Brink's also seeks to seal an excerpt from the James

14    Beaty deposition.  (Dkt. No. 251-88)  The motion to seal is

15    granted because the testimony at issue involves a discussion of

16    Brink's color-coded security measures.  This Court has

17    previously found that this information should be sealed.  (*See*

18    Hearing Tr. (Dkt. No. 233) at 25)

19         Brink's also seeks to seal the testimony from the

20    deposition of certain law enforcement officers.

21         As to the excerpt from the deposition of Sgt. Jeremy

22    Viger (Dkt. No. 251-90), the motion to seal is denied.  The

23    excerpt concerns the failure of police to find the broken lock

24    from the Brink's truck after the theft was discovered.  Brink's

25    has not adequately explained how disclosure of this testimony

ObpFbriC

1    would put its employees at risk.

2            As to the excerpts from the deposition of Officer

3    David Swigart (Dkt. No. 251-92), the motion to seal is denied.

4    Brink's has not adequately explained how any of the excerpts

5    would endanger its employees.  (See id. at 22:15-25 (discussing

6    how Swigart had not seen the body camera footage of the

7    incident at the time he prepared the incident report); *id.* at

8    84:21-25 (discussing the time at which the Brink's truck left

9    the jewelry show, a matter that is disclosed in the Complaint);

10   *id.* at 115:18-25 (discussing how Swigart found metal shavings

11   and a broken seal on the ground near the Brink's truck); *id.* at

12   119:2-120:12 (discussing how Swigart's understanding of the

13   incident was evolving as the investigation continued).

14           Brink's also seeks sealing as to two sentences on

15   page 27 of defendant's opposition brief.  (See Pltf. Sealing

16   Ltr. (Dkt. No. 266) at 1-2)

17           The first sentence discloses that Brink's has added

18   two new locking mechanisms to its trailers since the theft at

19   issue.  In a February 28, 2024 bench ruling, I found that this

20   discussion of recent security changes should remain sealed.

21   (Hearing Tr. (Dkt. No. 233) at 25)  Defendants now point out,

22   however, that Brink's has added a clamshell lock to its

23   trailers that is readily observable by anyone looking at a

24   Brink's truck.  (Def. Objs. to Pltf.'s Sealing Reqs. (Dkt. No.

25   260-2) at 2))  To the extent that Brink's seeks to seal

ObpFbriC

1    statements addressing its new clamshell look, its motion is

2    denied because the presence of the clamshell lock is obvious to

3    any observer.

4        The second sentence on page 27 addressed Brink's

5    electronic locking mechanisms, but information concerning the

6    locking mechanisms is available on Brink's website. *See Secure*

7    *Long Haul Transportation*, Brink's,

8    *https://brinksglobal.com/secure-long-haul-transportation.*

9        In any event, given the vague nature of the

10   information that is disclosed, Brink's has not demonstrated

11   that the disclosure of this information would put its employees

12   at risk.

13       Brink's also seeks to seal three excerpts from

14   depositions attached as exhibits in the Declaration of Steven

15   C. Schuman, which has been submitted in support of defendants'

16   opposition brief.  (Shuman Decl. (Dkt. No. 256); Pltf. Sealing

17   Ltr. (Dkt. No. 266) at 2))

18       As to the excerpt from the James Beaty deposition (*see*

19   Dkt. No. 255-11 at 95:24-99:23), the motion to seal is granted,

20   because the testimony discusses color-coded security measures.

21   As I noted earlier, I have previously approved the sealing of

22   this information concerning Brink's color-coded security

23   measures.  (*See* Hearing Tr. (Dkt. No. 233) at 25)

24       As to the two excerpts from the Beech Deposition (see

25   Dkt. No. 256-10 at 101:3-15; Dkt. No. 256-11 at 101:3-15), the

ObpFbriC

1    motion to seal is denied.

2            In this testimony, Beech discusses at a very high

3    level the security measures in place at the time of the 2022

4    theft.  Brink's showing as to this testimony is not sufficient

5    to permit me to make "specific on-the-record findings

6    demonstrating that closure is essential to preserve higher

7    values" such as safety concerns.  Lugosch, 435 F.3d at 120.

8            Brink's also moves to seal portions of the declaration

9    of Daniel Lipton that was submitted in Support of Defendants'

10   Opposition Brief.  (Lipton Decl. (Dkt. No. 257-1); Pltf.

11   Sealing Ltr. (Dkt. No. 266) at 2))  As to paragraph 12 on pages

12   12 to 13, the sealing motion is granted.  This paragraph

13   addresses common security techniques used by Brink's

14   competitors, and disclosure of this material could compromise

15   the security and safety of the competitors' employees.

16           As to the other proposed redactions, the motion to

17   seal is denied.  Brink's has not demonstrated that keeping this

18   information sealed is "essential to preserve higher values and

19   is narrowly tailored to serve that interest." *Lugosch*, 435

20   F.3d at 120.  (*See* Lipton Decl. (Dkt. No. 257-1)  8-10

21   (asserting that Brink's is obligated to guard customers'

22   valuables that are in Brink's custody and discussing whether

23   Brink's violated its own policies); *id.* 11(c) (stating that the

24   trailer at issue was a refrigerated trailer, the Court has

25   previously ruled that this subject is not appropriate for

ObpFbriC

1    sealing (*See* Hearing Tr. (Dkt. No. 233) at 25))

2            Brink's has also moved to seal three excerpts from

3    defendant's Rule 56.1 amended response to plaintiff's Local

4    Rule 56.1 statement.  (Def. R. 56.1 Am. Resp. (Dkt. No. 255-1);

5    Pltf. Sealing Ltr. (Dkt. No. 266) at 2)

6            The sealing motion is denied as to all three excerpts.

7    The first excerpt, found on page 35 of defendant's response,

8    states that the thieves managed to cut the lock through the

9    metal hasp.  Brink's has not adequately explained how the

10   disclosure of this obvious fact associated with the 2022 theft

11   would compromise security or safety today.

12           The second excerpt is from defendant's additional

13   statement of facts and is Fact No. 394.  This excerpt states

14   that Brink's has added two more locking mechanisms on its

15   trailers, including a clamshell lock.  Because, as I noted a

16   moment ago, the existence of the clamshell lock is obvious to

17   anyone looking at a Brink's trailer, I have ruled that

18   information concerning the presence of the clamshell lock is

19   not properly sealed.

20           The third excerpt from defendant's additional

21   statement of the facts; it's Fact No. 395.  This excerpt

22   discloses that at the time of the theft, electronic locking

23   mechanisms were available to Brink's.  As I stated a moment

24   ago, this topic does not justify sealing.

25           Brink's also moves to seal three excerpts from page 38

ObpFbriC

of its response to defendant's statement of additional facts.

(Pltf. Resp. (Dkt. No. 265-1) at 38; Pltf. Sealing Ltr. (Dkt.

No. 266) at 2)

As an initial matter, the material that Brink's now

seeks to seal was filed without redaction and has been on the

public docket since May 6, 2024. (*See* Dkt. No. 265-1)

Accordingly, the motion to seal this material will be denied as

moot. See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.,

97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) ("[T]here is no

justification for keeping the information that has already been

public under seal.")

In any event, these excerpts address three topics --

the fact that (1) Brink's has added new locking mechanisms; (2)

only the tractor portion of the tractor-trailer was armored at

the time of the theft; and (3) Brink's had electronic locking

mechanisms available to it at the time of the theft.  I have

previously ruled are not appropriate for sealing.  As to (1)

and (3), I ruled today that these matters do not justify

sealing.  As to whether the trailer was armored, I have

previously ruled that this subject does not justify sealing.

(Hearing Tr. (Dkt. No. 233) at 25))

I will now turn to defendants' sealing requests.

The defendants have moved to seal tax return documents

that are attached as exhibits to the Redmond declaration. (*See*

Redmond Decl. (Dkt. No. 251), Exs. 1-44 to 1-55, 1-87; Def.

ObpFbriC

1    Sealing Ltr. (Dkt. No. 268) at 2-3)

2           Defendants have also moved to seal inventory figures

3    that were obtained from these same tax return documents.  The

4    inventory figures are disclosed in Brink's Local Rule 56.1

5    statement at Nos. 113, 144, 171, 217, 239, 267, 283, 301, 330

6    and 357, and also in defendant's response to Brink's Local Rule

7    56.1 statement (Def. Sealing Ltr. (Dkt. No. 268) at 2-3)

8           Brink's opposes defendant's sealing requests, stating

9    that only social security numbers and tax identification

10   numbers should be redacted from defendant's tax return

11   documents (Pltf. Sealing Ltr. (Dkt. No. 266) at 5)

12          Defendant's motion to seal their tax documents and

13   inventory figures derived from their tax documents is granted.

14   It is well established that tax returns are subject to sealing.

15   *See*, *e.g., Saleem v. Corp. Transp. Grp., Ltd.*, 52 F. Supp. 3d

16   526, 546 (S.D.N.Y. 2014) (ordering that plaintiff's tax returns

17   be filed under seal because they "contain sensitive financial

18   information"); *Solomon v. Siemens Indus., Inc.*, 8 F. Supp. 3d

19   261, 285 (E.D.N.Y. 2014) ("Tax returns are generally afforded

20   special protection from public disclosure").

21          Moreover, disclosure of Defendants' inventory figures

22   could cause them competitive harm in the marketplace.  *See*

23   *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13

24   (S.D.N.Y. 2015).

25          Plaintiff's motion to seal is granted in part and

ObpFbriC

1    denied in part, as I have just explained.

2          Defendants' motion to seal is granted.

3          By December 6, 2024, plaintiff will file, on the

4    public docket, unredacted versions of currently sealed

5    documents that the Court is has ruled are not entitled to

6    sealing.

7          Mr. Redmond, anything you want to say at this point on

8    behalf of Brink's.

9          MR. REDMOND:  Nothing from Brink's, your Honor.

10          Thank you.

11          THE COURT:  And Mr. Kroll and Mr. Shuman, anything you

12    want to say on behalf of your clients?

13          MR. SHUMAN:  This is Steve Shuman.

14          Nothing, your Honor, from me.

15          MR. KROLL:  This is Gerry Kroll.

16          Nothing from us, your Honor.

17          Thank you so much.

18          THE COURT:  All right.

19          Thank you, and good day to all of you.

20          (Adjourned)

21

22

23

24

25