**McGuireWoods**

McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

Robert F. Redmond
Direct: 1.804.775.1123
rredmond@mcguirewoods.com

June 23, 2025

**VIA ECF**

Hon. Paul G. Gardephe, District Judge
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    ***Brinks Global Services, USA, Inc. v. Bonita Pearl, Inc., et al.***
            Case No.:    **1:22-cv-06653-PGG**
            Re.:          **Dkt. 306**

Dear Judge Gardephe:

      Pursuant to Your Honor's Order for a joint letter stating how the parties now "wish to proceed" (Dkt. 306), Plaintiff Brink's Global Services, USA, Inc. ("Brink's") and Defendants hereby submit the following joint statement.

      On June 19, 2025, the parties held a telephonic conference of counsel. During the discussion, the parties' counsel generally agreed on the impact of the Court's ruling, including that it limits Defendants to a maximum of their declared values for Defendants who submitted a notice of claim. Considering this, Brink's suggested that Defendants should dismiss their breach of contract claim and allow judgment to be entered on Brink's declaratory judgment claim, thereby enforcing the contract and ensuring that Defendants receive any compensation to which they are entitled under the terms of the contract. Brink's further explained that it does not believe it breached the contract, including since Brink's repeatedly offered Defendants their declared values. In response, Defendants have now provided the below statement.

**Defendants' Position**

      Brink's has not yet answered Defendant's counterclaim, and so it is unclear at this point precisely what fact issues remain to be tried. However, it is already clear that Brink's is taking the position that it did not breach its contract, despite (i) this Court's ruling in its Memorandum Opinion and Order (ECF Dkt No. 306, p.35) that "the primary purpose of the Contract was to arrange for the transport of Defendants' merchandise from the San Mateo jewelry show to the International Gem show scheduled for Pasadena, California, or to a Defendant's office," and (ii) the indisputable fact that merchandise was not so delivered.

Hon. Paul G. Gardephe, District Judge
United States District Court
June 23, 2025
Page 2

Defendants therefore believe that their Counterclaim for breach of contract remains outstanding and needs to be litigated. Defendants contend that Brinks breached its contract by failing to deliver the merchandise as it promised to do (according to Brink's), then refusing to pay even the "Declared Value" amounts that Brink's never refuted it owed (that is, the amounts this Court just adjudicated to be the limit of Brink's liability), and insisting on receiving releases with non-monetary provisions not required by the contract before paying those amounts. Defendants need to conclude litigation of their Counterclaim for breach of contract to obtain affirmative relief from Brink's in the form of damages, which by Defendants' calculation total $5,050,000 for the jewelers whose claims the Court did not deem waived.

**Brink's Response**

Brink's believes that Defendants' breach of contract argument is meritless and another unnecessary attempt to draw out this litigation. The parties' contract did not guarantee that Brink's would deliver Defendants' shipments. The contract was clear: Defendants would pay Brink's to transport their jewelry, and Brink's would *either* deliver the jewelry to the destination *or reimburse* Defendants up to the "Declared Value" of the respective shipments. When Brink's was unable to deliver the shipments, Brink's complied with its contractual obligations at all times. Brink's has repeatedly attempted to resolve its contractual liability, including immediately after the theft and at all times since then. Brink's even made a Fed. R. Civ. P. 68 Offer of Judgment to each of the Defendants for their respective Declared Values (even though, Brink's as Plaintiff cannot make a Rule 68 Offer of Judgment). *See* **Exhibit A** (Offers of Judgment). Indeed, Brink's remains willing to reach a final resolution on its contractual liability right now. It is Defendants that have repeatedly refused.

Defendants' tautological argument—that Brink's must deliver their stolen goods even though Brink's has repeatedly tried to reimburse them for their declared value—ignores the Court's thorough and comprehensive ruling. Brink's has not breached the Contract because it has consistently offered to pay the Declared Value which this Court has ruled is Brink's only obligation. So, there seems to be no upside for Defendants in further pursuit of a breach of contract claim anyway.

In the interests of advancing this matter, Brink's proposes to file an Answer and Motion for Judgment on the pleadings based on the Court's Opinion.

From Brink's perspective, this Court's ruling decided all the key issues in the case with one exception: Brink's reserves the right to seek its attorneys' fees and costs, as well as third-party attorneys' fees and costs from the California action, that Brink's has been forced to incur based on Defendants' refusal to be bound by the contract.

Sincerely,

/s/ *Robert F. Redmond*
Attorneys for Plaintiff

Hon. Paul G. Gardephe, District Judge
United States District Court
June 23, 2025
Page 3

*/s/ Steven C. Shuman*
Attorneys for Defendants