UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRINK'S GLOBAL SERVICES USA, INC.,        *Plaintiffs*, <br><br> v. <br><br> BONITA PEARL, INC., *et al.* <br><br>        *Defendants*. | Case No.: 1:22-cv-06653-PGG |

**PLAINTIFF BRINK'S GLOBAL SERVICES USA, INC.'S ANSWER TO DEFENDANTS' COUNTERCLAIM**

Plaintiff and Counter-Defendant Brink's Global Services USA, Inc. ("Brink's") by and though its attorneys of record, submit the following answer to the Counterclaim of Defendants Bonita Pearl Inc., Forty-Seventh & Fifth, Inc., Hawaiian Design Jewelry, Co., Kimmimoto Jewelry, Lam's Jade Center, Inc., Lee's International Jewelry, Inc., Pan Lovely Jewelry, Petri Gems, Inc., S & N Diamond Corp., Supreme Collection Corporation, and Treasure Connection Fine Jewelry, Inc. (herein, the "Counterclaimants"), filed in this action.

Please note that, on June 12, 2025, the Court dismissed all of Counterclaimants' counterclaims except their Breach of Contract counterclaim (Count One). *See* Dkt. 306. Accordingly, this Answer pertains and responds only to Counterclaimants' counterclaim for Breach of Contract. All other counterclaims have been dismissed, and the Court further struck all non-contractual damages, including "punitive damages, interest, fees, and costs" from Counterclaimants' prayer for relief. *See id*., at p. 74. So the dismissed claims and stricken damages requests are not addressed herein.

Brink's generally denies each and every allegation, all and singular, contained in the Counterclaim and remaining cause of action of Breach of Contract thereof; denies that it is liable under the theories or in the manner set forth in the Counterclaim, or at all; and denies that Counterclaimants were harmed as a result of the alleged conduct of Brink's as set forth in the Counterclaim for the cause of action of Breach of Contract, or at all.  Furthermore, Brink's specifically responds to Counterclaimants' Counterclaim as follows:

## INTRODUCTION

1. Brink's denies the allegations in Paragraph 1.

2. Brink's denies the allegations in Paragraph 2, except admits that Counterclaimants contracted with Brink's to transport shipments, pursuant to the terms of the Contract, by signing Pickup Manifests on July 10, 2022.

3. Brink's denies the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. Brink's admits that this Court has subject-matter and personal jurisdiction over this matter.  Except as expressly admitted, Brink's denies the remaining allegations in Paragraph 4.

## COUNT ONE

**(For Breach of Contract)**

5. Brink's denies the allegations in Paragraph 5.

6. Brink's admits that Counterclaimants each signed a Pickup Manifest on July 10, 2022, assenting to the terms of the Contract, and that Counterclaimants were seeking to transport their shipments from San Mateo, California to locations including Pasadena, California or Downtown Los Angeles.  Except as expressly admitted, Brink's denies the allegations in

1

Paragraph 6.

7. Brink's denies the allegations in Paragraph 7, except admits that Gloria Corrales and Nelson Rosario were present at the San Mateo Intergem jewelry show at certain times, and that they had experience entering into contracts on Brink's behalf for prior shipments, including for numerous prior shipments by Counterclaimants. Except as expressly admitted, Brink's denies the allegations in Paragraph 7.

8. Brink's denies the allegations in Paragraph 8, except admits that Counterclaimants each signed a Pickup Manifest on July 10, 2022, assenting to the terms of the Contract, and that Counterclaimants were seeking to transport their shipments from San Mateo, California to locations including Pasadena, California or Downtown Los Angeles. Except as expressly admitted, Brink's denies the allegations in Paragraph 8.

9. Brink's admits the allegations in Paragraph 9. Further, as this Court determined in its June 12, 2025 Order, the amount listed by each Counterclaimant as the "carriage value" was their Declared Value.

10. Brink's admits that each Counterclaimant specifically attested on his/her/its Pickup Manifest form that, "I confirm the shipment details contained herein are correct and agree to the terms and conditions of Brink's Global Services Valuable Transport Contract," and that each Pickup Manifest form further stated, in ALL CAPS, "ALL SHIPMENTS ARE SUBJECT TO THE TERMS OF CONTRACT." Except as expressly admitted, Brink's denies the allegations in Paragraph 10.

11. To the extent the allegations in Paragraph 11 are legal conclusions, no response is required. Brink's admits that each Counterclaimant specifically attested on his/her/its Pickup Manifest form that, "I confirm the shipment details contained herein are correct and agree to the

terms and conditions of Brink's Global Services Valuable Transport Contract," that each Pickup Manifest form further stated, in ALL CAPS, "ALL SHIPMENTS ARE SUBJECT TO THE TERMS OF CONTRACT," and that each Pickup Manifest form had the Terms and Conditions of the Contract printed on the reverse side.  Except as expressly admitted, Brink's denies the allegations in Paragraph 11.

12. Brink's denies the allegations set forth in Paragraph 12.

13. Brink's admits that Counterclaimants' bags were stolen. Except as expressly admitted, Brink's denies the allegations in Paragraph 13.

14. Brink's denies the allegations set forth in Paragraph 14.

15. Brink's denies the allegations set forth in Paragraph 15.

16. Brink's denies that Counterclaimants' characterization of the Contract in Paragraph 16 is a complete or accurate recitation of the entire document or its effect, or that Counterclaimants have fully and accurately described Brink's contentions regarding the Contract. The Contract has already ruled on the terms and condition of the Contract.  Except as expressly admitted, Brink's denies the allegations in Paragraph 16.

17. Brink's denies the allegations set forth in Paragraph 17.

18. Brink's denies the allegations set forth in Paragraph 18.

19. Brink's denies the allegations set forth in Paragraph 19.

20. Brink's denies the allegations set forth in Paragraph 20.

21. Brink's denies the allegations set forth in Paragraph 21.  As this Court ruled in its June 12, 2025 Order, the pertinent contractual provisions are "unambiguous" and the Contract is enforceable.  *See* Dkt. 306, at pp. 32-37.

22. Brink's denies the allegations set forth in Paragraph 22.  As this Court ruled in its

June 12, 2025 Order, the Contract is not unconscionable, and it is enforceable. *See* Dkt. 306, at pp. 32-37, 64.

      23.      Brink's denies the allegations set forth in Paragraph 23.

      24.      Brink's denies the allegations set forth in Paragraph 24.

      25.      Brink's denies the allegations set forth in Paragraph 25.

      26.      Brink's denies the allegations set forth in Paragraph 26.

      27.      Brink's denies the allegations set forth in Paragraph 27. Furthermore, pursuant to the Court's Order on Brink's Motion to Strike Extracontractual Damages, all non-contractual damages, including "punitive damages, interest, fees, and costs," have been stricken. *See* Dkt. 306, p. 74.

## COUNTS TWO THROUGH FIVE

As noted above, Brink's does not respond to Counterclaimants' Count 2 through Count 5, since these claims have been dismissed. *See* Dkt. 306.

## PRAYER FOR RELIEF

**WHEREFORE,** Brink's prays for the following relief on its Answer to the Counterclaim:

      1.      That Counterclaimants take nothing by their Counterclaim and that the Court enter judgment in Brink's favor by dismissing the Breach of Contract Counterclaim with prejudice;

      2.      That Brink's be awarded its reasonable expenses and costs of suit herein, including attorneys' fees and costs pursuant to the Contract; and

      3.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

If needed, Brink's hereby demands a trial by jury on all issues in the Counterclaim that remain triable.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Brink's intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Counterclaimants are entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Counterclaim stated therein, jointly or severally, fails to state facts sufficient to constitute a cause of action against Brink's.

### SECOND AFFIRMATIVE DEFENSE

**(Breach of Contract or Failure to Tender)**

Brink's alleges that the Counterclaim is barred because Counterclaimants breached the agreement or otherwise failed to tender their own performance under the Contract, thereby excusing performance by Brink's.

### THIRD AFFIRMATIVE DEFENSE

**(Failure of Consideration)**

Brink's alleges that the Counterclaim is barred because Counterclaimants failed to deliver the performance that served as consideration for the agreement.

### FOURTH AFFIRMATIVE DEFENSE

**(Full Performance)**

Brink's alleges that the Counterclaim is barred in whole or in part because for any duty or obligation, contractual or otherwise that Counterclaimants are owed, if any, Brink's has fully performed, satisfied, or discharged any such duty or obligation.

### FIFTH AFFIRMATIVE DEFENSE

**(Duplicative Recovery)**

To the extent that some Counterclaimants have recovered their lost items, these

Counterclaimants are barred from duplicative recovery.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Brink's alleges that Counterclaimants' claims are barred, in whole or in part, by waiver, including but not limited to, by failing to comply with the Contract's notice provisions.

### SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Brink's alleges that the Counterclaim is barred, in whole or in part, by estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

Brink's alleges that the Counterclaim is barred, in whole or in part, by laches.

### NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Brink's alleges that the Counterclaim is barred, in whole or in part, by the expiration of the applicable statutes of limitation and/or repose.

### TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Counterclaim is barred in whole or in part by Counterclaimants' unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Fraud)

Brink's alleges that the Counterclaim is barred because of Counterclaimants' failure to disclose material facts, or because of Counterclaimants' misstatement and/or concealment of material facts, or because of Counterclaimants' false and fraudulent pretenses.

### TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

To the extent Counterclaimants seek to allege terms outside of the written agreement, such extracontractual terms are barred by the statute of frauds.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset or Setoff)

The Counterclaim cannot be maintained in whole or in part, because any recovery to which Counterclaimants might otherwise be entitled must be offset by any sums, benefits and/or other monies Counterclaimants have already been previously paid by Brink's or any other entity, and/or by any such monies that Counterclaimants owe to Brink's or any other entity.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release)

Brink's alleges that Counterclaimants' claims are barred by any release and/or releases executed or agreed to by Counterclaimants and/or individuals, firms, corporations, or entities other than Brink's.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Brink's alleges that Counterclaimants assumed the risk of the damages, if any, alleged to have been suffered by them.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Brink's alleges that Counterclaimants failed to mitigate whatever damages, if any, alleged to have been suffered by them.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Brink's alleges that Counterclaimants failed to join a party or parties necessary and indispensable to this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

Brink's alleges that the Counterclaim is barred because Counterclaimants' damages, if any, were proximately caused by superseding and/or intervening events.

### **NINETEENTH AFFIRMATIVE DEFENSE**

### **(Speculative and/or Uncertain Damages)**

Brink's alleges that Counterclaimants' damages, if any, are speculative and/or uncertain and therefore not compensable.

### **TWENTIETH AFFIRMATIVE DEFENSE**

### **(Additional Defenses)**

Brink's alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional and unstated affirmative defenses available. Brink's therefore reserves the right to assert additional affirmative defenses that become apparent in the future. Brink's, by this Answer, does not waive any defenses that are not set forth herein.

Dated: July 11, 2025                                    BRINK'S GLOBAL SERVICES USA, INC.

Respectfully submitted,

/s/ *Robert F. Redmond*
Robert F. Redmond (*admitted pro hac vice*)
Matthew D. Fender
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
rredmond@mcguirewoods.com
mfender@mcguirewoods.com
T: (804) 775-1000
F: (804) 775-1061

Katherine A. Garland
MCGUIREWOODS LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
kgarland@mcguirewoods.com
T: (212) 548-7028

Nicholas J. Hoffman (*admitted pro hac vice*)
McGUIREWOODS LLP
355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071
nhoffman@mcguirewoods.com
T: (213) 627-2268

*Counsel for Plaintiff and Counter Defendant Brink's Global Services USA, Inc.*