WALTER J. LACK
STEVEN C. SHUMAN
ELIZABETH LANE CROOKE
DANIEL G. WHALEN
BRIAN J. HEFFERNAN
RICHARD P. KINNAN
BRIAN J. LEINBACH
ANN A. HOWITT
STEVEN J. LIPSCOMB
DAVID R. LIRA
GREGORY P. WATERS

LAW OFFICES

# ENGSTROM, LIPSCOMB & LACK

A PROFESSIONAL CORPORATION

11601 WILSHIRE BOULEVARD, 14TH FLOOR

LOS ANGELES, CALIFORNIA 90025

TELEPHONE 310-552-3800

FACSIMILE 310-552-9434

ALEXANDRA J. NEWSOM
ANDREW M. JACOBSON
JOSEPH A. LACK
CHRISTOPHER A. KANNE
BRITTAN N. CORTNEY
ASHLEY L. ARNETT
DANIEL C. WHALEN
RACHEL M. LANNEN
SYDNEY M. DESMAN
JASON L. TILLMAN
PAUL W. ENGSTROM (1941 – 2010)
ROBERT J. WOLFE (1961 – 2015)

September 29, 2025

**VIA ECF**

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Court Room 705
New York, New York 10007

    Re:    ***Brink's Global Services USA, Inc. v. Bonita Pearl, Inc., et al.*,**
             Case No.: 1:22-CV-06653-PGG
             **REQUEST TO SEAL**

Dear Judge Gardephe:

    I, together with my co-counsel, represent the Defendants in the above-referenced litigation. On August 14, 2025, Brink's Global Services USA, Inc. ("Brinks") served its Notice of Motion for Motion for Summary Judgment on Defendants' Counterclaim and supporting documents and Defendants served their Opposition and responses on September 15, 2025. Defendants request that the Court allow redaction and sealing of certain portions of exhibits to Plaintiff's Opposition to Brink's Motion for Summary Judgment. These documents are Exhibits 2 and 3, respectively, to the Declaration of Steven C. Shuman and are as follows: (1) the entire Confidential Settlement Agreement and General Release between Arat Jewelry Corp. et al., and Brink's Global Services USA, Inc., and, (2) excerpted portions of the Deposition of Gloria Corrales that are already deemed confidential.

                                      Respectfully submitted,

                                      */s/ Steven C. Shuman*

SCS:mf

#479286

cc:  Gerald L. Kroll, Esq.
      Robert R. Viducich, Esq.

**MEMO ENDORSED:**

As explained in this Court's Individual Rules of Practice, "the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents." Indiv. R. of Prac. II.B (citing In re Gen. Motors LLC Ignition Switch Litig., No. 14- MD-2543(JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015)). Moreover, "[s]ettlement agreements submitted to the court in connection with a motion are unquestionably . . . judicial document[s]" to which "there is a presumption of [public] access" and "[t]he mere fact that [a] Settlement Agreement, signed by the parties, contains a confidentiality clause does not in and of itself constitute a countervailing consideration sufficient to overcome the presumption of public access[.]" Posada v. E. Coast Cap., No. 23-CV-01579 (RER) (JMW), 2024 WL 4728633, at *2-3 (E.D.N.Y. Nov. 8, 2024). Because Defendants have articulated no basis for sealing beyond the parties' agreement regarding confidentiality, the motion to seal is denied. Defendants are directed to publicly file unredacted versions of Exhibits 2 and 3 to the Declaration of Steven C. Schuman. The Clerk of Court is directed to terminate the motion (Dkt. No. 316).

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Dated: September 30, 2025